## CLARKE v. EASTERN BUILDING & LOAN ASS'N et al.

### (Circuit Court, N. D. New York. November 7, 1898.)

1. **CORPORATIONS—SUIT BY SHAREHOLDER—EQUITY RULE 94.**
   A suit in equity by a shareholder against a corporation and its directors asking for an accounting by other shareholders for shares illegally paid, for an inspection of the books, for an examination into the condition of the association, for an injunction against proceedings by the directors to wind up the association, and for the appointment of a receiver, is within equity rule 94.

2. **EQUITY PRACTICE—INSPECTION OF BOOKS.**
   On a bill for an accounting, when the cause is at issue, a motion to inspect the books will not be granted if equivalent relief can be obtained by a subpoena duces tecum requiring the production of the books before the examiner.

W. J. Lavery and McGowan & Stolz, for complainant.
Russell & Winslow and D. A. Pierce, for defendants.

COXE, District Judge. This is an equity action by a single shareholder against the Eastern Building & Loan Association and its directors charging various acts of malfeasance and misfeasance and asking for the appointment of a receiver and for other relief. The defendants filed an answer and united with it two grounds of demur-

rer, the first alleging that the bill was defective as not in accordance with equity rule 94, and the second, that the amount in dispute was insufficient to give this court jurisdiction. Subsequent to the filing of the answer the bill was amended by the allegation that it was brought in good faith and not in collusion with the defendants or any of them. The defendants again demurred to the bill as thus amended alleging substantially the same grounds as before. This demurrer was filed in May, 1898. The demurrer has not been set down for argument.

The cause has been twice before the court—First, upon a motion for the appointment of a receiver; and, again, upon a motion to enjoin the individual defendants from disposing of the corporate property. At the last hearing the complainant with the consent of the defendants' counsel filed a motion for leave to inspect, with an expert accountant, the books and papers of the defendants at its office in Syracuse, N. Y. The questions arising upon the demurrers have never been argued orally, except as the sufficiency of the bill has been drawn in question upon the hearing of the motions referred to. Both parties have submitted briefs upon the right of the complainant to examine the books and also upon the sufficiency of the demurrers. It will be seen that the practice thus far is irregular and informal, but, as the demurrers stand at the threshold of the litigation, both parties seem anxious that they should be disposed of at the present time.

The difficulty of deciding the questions arising upon the demurrers would be materially lessened were it possible to determine from the bill the precise nature of the action. The bill alleges many acts of misconduct upon the part of the directors; it charges, inter alia, that they have squandered the money of the association; that they have permitted improper suits to be brought against it, which suits have proceeded to judgment, thus endangering the property of the association; that they have paid amounts illegally to various shareholders, and have permitted and are permitting the property of the association to be taken from their custody improperly and in derogation of complainant's rights. The prayer for relief is that all shareholders who have been paid the amount of their shares illegally may be made defendants, and that they and the present defendants account to the complainant and other shareholders who may participate in the bill for the moneys which may be found to be due; second, that the books of the association may be inspected upon such accounting; third, that an examination may be had forthwith of the present condition of the association; fourth, that the directors may be enjoined from commencing any proceeding to wind up the association; and fifth, that pending the accounting a receiver may be appointed to take charge of the association, collect its moneys and pay them to the various shareholders entitled thereto. It is thus apparent that the bill is somewhat unique in its averments and demands for relief.

By answering at length the defendants admit that the bill is good in part. The demurrer is directed to those parts of the bill which allege facts tending to show a right of action in the association against certain of its officers and directors, but it fails to point out what these allegations are or where they may be found. This defect

may be due to the character of the bill as before stated, but that the demurrer is too indefinite for practical application can hardly be disputed.    Atwill v. Ferrett, 2 Blatchf. 39, Fed. Cas. No. 640.    The question which both parties seem anxious to have answered, in limine, is how far the provisions of equity rule 94 are applicable to the present action.    This question I will endeavor to answer, leaving counsel to take such course hereafter as they may deem proper.    This objection to the bill can be presented at any time, and I agree with counsel that it is for the interest of all that it should be disposed of now.    There is no pretense that the bill alleges a conformity with the provisions of the rule.    In the case of Hawes v. Oakland, which resulted in establishing rule 94, the cases where it is applicable are clearly stated. In brief, it applies to cases where a shareholder seeks to maintain a suit founded upon a right of action existing in the corporation itself. If the corporation be the proper plaintiff, if the litigation be one that belongs to the corporation, then, before the shareholder can sue in his own name, he must show to the satisfaction of the court that he has exhausted every means to obtain redress within the corporation. Hawes v. Oakland, 104 U. S. 450;  Dammeyer v. Coleman, 11 Fed. 97; Squair v. Lookout Mountain Co., 42 Fed. 729;  Ranger v. Cotton-Press Co., 52 Fed. 611;  Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008;  Whitney v. Fairbanks, 54 Fed. 985.

It cannot be denied that the bill contains many averments, which, if they state a cause of action at all, state one in the defendant association.    For instance, it is alleged that certain shareholders have attached the association property and threaten to sell it, and that this property will be lost to the complainant unless immediate steps are taken to preserve the same.    Again, it is charged that certain favored shareholders have been paid the amounts placed to the credit of their stock improperly and illegally.    The complainant asks that these parties be made defendants and pay the amount so received to him and his co-complainants, should any join him.    Other instances might be cited, but the above are sufficient for illustration.

Is there any doubt that the corporation should sue those who have unlawfully seized its property?   Is there any doubt that the corporation should compel those to disgorge who have illegally been paid out of its treasury?  In these instances surely the complainant could "work out his case through the corporation."   The enforcement of these rights concerns others besides the corporation and its shareholders.    They are not vested in the shareholder, but in the corporation itself, and, assuming that a shareholder can enforce them in any circumstances, it can only be after he has made every effort to induce the corporation to proceed, and has failed.    It follows, therefore, that the bill cannot be maintained in so far as it is founded on rights which may be properly asserted by the association unless amended to show conformity with the rule.    The complainant may, if so advised, amend the bill within 20 days.

The ground of demurrer numbered IV., relating to the amount involved, has not been argued and is overruled.

Upon the motion for leave to examine the books of the defendants, time was given to enable the complainant to present authorities show-

ing that the course asked for by him was proper at this stage of the litigation. Authorities have been presented showing the general right of a shareholder in an action against the corporation to an examination of its books and papers. These authorities were unnecessary as the general rule is well understood and was not disputed at the argument. No authority, however, has been presented or found by the court, where permission has been given an expert accountant to make the examination in the circumstances surrounding this case. Until such an authority is produced the court must decline to take a seemingly unprecedented and unnecessary course.

The defendants have not disputed the proposition that the bill, even if the demurrers were sustained, might be maintained as a bill for an accounting. If the litigation proceeds upon this theory the cause is now at issue and testimony can be taken in the ordinary way before any of the examiners of this court. A subpœna duces tecum will produce all the books and papers of the defendants before such examiner, and they can there be examined by the complainant or his expert in the usual course of equity proceeding. The motion to inspect the books is denied.