W. EDWIN ULMER, In Equity,

*vs.*

MAINE REAL ESTATE COMPANY.

Cumberland.    Opinion December 8, 1899.

*Corporations.   Officers.   Stockholder.   Election.   Dissolution.   Equity.*

A bill in equity, asking for an injunction and a receiver, is not the proper remedy when it is claimed that the election of the officers of a corporation is illegal.

As a general rule, in the absence of statutory authority, a court in equity will not dissolve a corporation upon the application of a stockholder, nor will it lay hold of the property of a going concern, and by means of a receiver wind up its business and distribute the assets, because that would be tantamount to a dissolution. To this rule the only well recognized exceptions are. when it has become impossible to accomplish the chartered purposes of the corporation, or when its affairs have been so managed that failure or ruin is inevitable.

In a bill in equity by a stockholder against a corporation, charging that the directors have done acts ultra vires and in violation of law, and praying for an injunction, appointment of a receiver and a winding up of the affairs of the corporation, the complainant must allege that the directors in office at the time the bill is brought have been asked to act, or that they have refused to act, or that failing with the officers, the corporation itself has been asked to protect itself, or that it has refused to do so, or that it is incapable of action, or that the necessary delay in securing corporate action would prejudice the complainant.

*Held;* for want of proper allegations in these respects the bill is demurrable, as it is also demurrable because the charges are in other respects vague, indefinite and uncertain.

IN EQUITY. ON APPEAL BY PLAINTIFF.

The case appears in the opinion.

*W. Edwin Ulmer*, for plaintiff.

*Geo. Libby*, for defendant.

SITTING: HASKELL, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

SAVAGE, J. Bill in equity by the complainant as a stockholder, alleging upon information and belief, that the directors of the defendant company, without authority, disregarding the rights of complainant and all other stockholders, and in violation of law, have loaned the funds of the corporation upon mortgages of real estate, whereby the interest of the complainant in said funds, as a stockholder, has become jeopardized, and he is liable to be subjected to great loss; also, that the members of the present board of directors caused the annual meeting for 1898 to be held without due notice to stockholders, and without knowledge of the stockholders other than themselves caused themselves to be elected as directors for the year then ensuing; also, that the board so elected

"has caused to be issued shares of the capital stock, without any authority therefor, and with intent to use the proceeds thereof otherwise than for the purposes for which the corporation was organized, and that the proceeds of said shares have been so used."

The defendant demurred, and the plaintiff has appealed from the decree sustaining the demurrer and dismissing the bill.

The allegations in the bill are vague, indefinite and uncertain. They give the defendant no certain notice of the specific charges which they are called upon to answer. For this reason, if for no other, the bill was properly dismissed. But there are other reasons. Two classes of wrongs are charged in the bill: One, that certain acts of the board of directors already done are ultra vires; second, that the election of the directors for the year 1898 was illegal.

It may be said as to the latter complaint, that if the election was illegal, certainly a bill for an injunction and receiver is not the proper remedy. If, however, the election was legal, the complainant has no ground of complaint.

The other acts of which the complainant complains are said to be ultra vires, unlawful, not within the power of the corporation or the scope of its charter. Such wrongs are against the corporation itself, and strictly speaking, not against the stockholders. In law, the injury was done to the corporation, not to the stockholders. 1 Morawetz on Corporations (2nd Ed.,) § 237. No stockholder can assume the right to seek redress for wrongs to the corporation, until the latter is shown to be unwilling or incapable of seeking the remedy for itself. *Hersey* v. *Veazie*, 24 Maine, 9. This is the general rule. Shareholders aggrieved must seek their remedy through corporate channels. They must exhaust all remedies within their reach in the corporation itself. They must apply to the officers in charge. Failing with the officers, they must apply to the corporation itself, or they must show why application would be ineffectual in either case. If they fail with both, then the courts are open for redress. 1 Morawetz on Corporations, § 241; 4 Thompson on Corporations, § 4499; *Memphis City* v. *Dean*, 8 Wall. 73; *Hawes* v. *Oakland*, 104 U. S. 450; *Dimpfel* v. *Ohio &*

*Mississippi Ry. Co.*, 110 U. S. 209; *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495.

Even when the officers themselves are at fault, and under such circumstances as will excuse a complainant from applying to them, it does not follow necessarily that the stockholders cannot find and apply a remedy. Stockholders, to be sure, act only in general meetings, and such meetings are ordinarily held only once a year. But usually provision is made for special meetings. And it was held in *Brewer* v. *Proprietors of the Boston Theatre*, 104 Mass. 378, that annual meetings, even if special meetings are impracticable, secure to stockholders ample means of correcting abuses practiced by their officers. And in every case, if for any reason it would be useless to apply to the officers or to the corporation, or if there be reason why a delay until the corporation could act would unduly prejudice the rights of the complainant, the reason should be alleged. 1 Morawetz on Corporations, § 251.

While "courts of equity," as was said in *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495, "are swift to protect helpless minorities of stockholders of corporations from the oppression and fraud of majorities," it would be intolerable if a single stockholder, without notice or request to officers or corporation, should be allowed to vex and harass it by citing it into court for every wrong, real or fancied. If one stockholder may, every stockholder can. In no way could it be made more certain that the business of a corporation would be rendered unprofitable, its credit weakened, and the fulfilment of its chartered purposes impossible.

In this case it is not alleged that the directors in office at the time the bill was brought have been asked to act, or that they have refused to act, or that there is any reason why they may not act if requested, nor is it alleged that the corporation has been asked to protect itself or that it has refused to do so, or that it is incapable of acting, or that the necessary delay in securing corporate action would prejudice the complainant. For want of proper allegations in this respect, the bill is clearly demurrable.

Moreover, as this bill prays for an injunction, a receiver and a winding up of the affairs of the defendant corporation, it may

be useful to say that, as a general rule, in the absence of statutory authority, a court of equity will not dissolve a corporation upon the application of a stockholder, nor will it lay hold of the property of a corporation which is a going concern, and by means of a receiver wind up its business and distribute the assets, because that would be tantamount to a dissolution. 1 Morawetz on Corporations, § 283; 4 Thompson on Corporations, §§ 4539, 4545, and cases cited. To this rule, the only exceptions stated by law writers are, when it has become impossible to accomplish the chartered purposes of the corporation, or when its affairs have been so managed that failure or ruin is inevitable. 1 Morawetz on Corporations, § 284; 4 Thompson on Corporations, § 4547; *Benedict* v. *Construction Co.*, 49 N. J. Eq. 23.

*Bill dismissed with costs.*