## In re PICKHARDT.

### (District Court, E. D. Wisconsin. September 5, 1912.)

BANKRUPTCY (§ 476*)—TRUSTEE—CUSTODIAN—ALLOWANCE.

Where a trust company was appointed trustee in bankruptcy, it was its duty to provide a custodian for the property delivered to it as trustee, required by an insurance company before it would insure the same; and it appearing that no night watchman was necessary, the trust company was not entitled to an additional allowance for the services of a custodian at the expense of the bankrupt estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 898, 899; Dec. Dig. § 476.*]

In the matter of bankruptcy proceedings against Max Pickhardt. Application by trustee for an allowance of the services of a custodian. From a referee's decision, denying the application, the trustee applies for review. Affirmed.

Review of referee's decision on application of trustee for allowance of charge incurred for services of a custodian. The petitioning trust company, a corporation thereto duly authorized, was appointed receiver prior to, and trustee after, adjudication. A stock of goods belonging to the bankrupt, located in a store building, was placed and held in its custody as receiver. In its petition it is alleged that "it was necessary to procure fire insurance on the same, and to do so it became necessary to appoint a custodian to be placed in charge of said merchandise." Whereupon a custodian was hired, for the reasonable value of whose services, allowance was asked.

The referee denied the application, assigning his reasons as follows: "The hearing was upon the petition, and the statement of facts therein which are conceded, and the matter submitted, whereupon I held that the allowance of said bill was not justified under the law, and that the said expense was not necessarily incurred by the trustee in the preservation of the property of the bankrupt. My reasons for so holding are that receivers and trustees are appointed by the court for the purpose of taking possession of and preserving property of bankrupts, and that the fees which are paid to receivers and trustees constitute their compensation for the care and preservation of the bankrupt estate and their services rendered in administering the same. In this case the trustee is a trust company, organized and equipped for the transaction of such business as pertains to the office of a trustee, and it can only act by and through its officers, servants, and employés; and when a trust company accepts and assumes the office of trustee in bankruptcy, it becomes its duty to take charge of and preserve the property of the bankrupt, and it may and should perform this duty by its officers, servants, and employés. and it is not contemplated that a trust company may assume the responsibility of taking charge and possession of bankrupt estates, and delegate such services to persons whom it may specially employ, aside from its own officers, servants, and employés, and charge against the bankrupt estate the expenses of the person so specially employed. "Where an individual is appointed and assumes the office of trustee, it is expected and as a matter of practice he does assume the personal charge and care of the property, for which he is compensated by the fees allowed him by the statute. I can see no reason why a trust company, acting in this capacity, should be permitted to make independent charges against the bankrupt estates for the services of persons whom they may place in charge thereof. There is, of course. this exception, that where the property is of such a character that it is necessary to employ a night watchman, the expenses of such watchman are, in my judgment, a legitimate charge against the estate, and it has been the practice of the court to allow the same in a reasonable sum. In the present case it appears that no night watchman was necessary, and the sole

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question is: Can the estate employ a custodian at the expense of the bankrupt estate? I do not think so, and for this reason feel it my duty to disallow the claim, and the same is therefore disallowed."

C. E. Wild, of Milwaukee, Wis., for trustee.

GEIGER, District Judge. A receiver or trustee in bankruptcy, whatever other duties may be cast upon him, is certainly the legal and actual custodian of the property which is the subject of the proceeding; and, under the rule of this court (bankruptcy rule No. 3), a receiver, unless otherwise ordered, can "act only as custodian to care for the property (and have the same insured) for delivery to the trustee." It is rightly presumed that the duty to so act, as every other duty, must, in the first instance, be performed by the receiver or the trustee personally, as an incident to or burden of the office, and in consideration of whatever compensation may be allowed. The right to assistance, at the cost of the property in custody, in addition to such compensation, must arise out of circumstances or conditions disclosing a burden beyond the reasonable possibility of performance by the single individual charged therewith. Such situations are found when the property is of great bulk, situated in different localities, or where, in its care and preservation, service of a special or unusual character is required.

The referee has applied these general elementary principles to a corporation—a trust company, acting in the capacity of receiver or trustee. Manifestly, such a corporation should be subject to the same rules as individuals. It can act only through its officers or agents; but it must be ready through them to perform the duties of the office or the trust, just as an individual must perform them. It is merely empowered to discharge the functions as an individual otherwise might, but not at greater cost nor burden to the estate.

This brings us to an application of these principles to the facts before us. A stock of goods located in a store building, where the bankrupt conducted his business, is turned over to the corporate receiver. The property is insured, and it is alleged that, in order to effect insurance, a caretaker was required to be and was placed in immediate charge of the property. It is not made to appear that the watchfulness thus bestowed by the receiver through his hired servant—at the behest of the insurer—was something beyond or in addition to the service contemplated to be performed by an individual or corporate receiver, charged solely with a custodianship. The intimation that, except for the demand made by the insurer, the receiver would not have placed a watchman in direct charge of the property, by no means satisfies the requirement of reasonable necessity in casting an additional burden upon the property. The presence of a watchman is necessary, if at all, as an incident to the general custodianship involving the particular duty to insure, and the service thus rendered is, as above stated, one which the receiver or trustee personally must perform, unless absolved by reason of situations arising as indicated. The necessity for its performance by an agent or another cannot arise out of or be demonstrated by the mere fact of its being so performed.

It was claimed, upon argument, that receivers and trustees should be treated with the same liberality as are sheriffs or marshals, upon seizures of property; that the latter invariably deputize others, at the cost of the parties or property, to take actual charge. Such officials are charged with the performance of other public duties, which fact, of itself, usually determines the necessity of assistance in the discharge of any particular duty. Their right to assistance is not absolute, but is determined in each case by circumstances showing necessity.

The fact that the rendition of service as a watchman or caretaker over property may be irksome, or certainly not congenial to those acting as receivers or trustees, and, further, as intimated or claimed upon the argument, that, in view of the moderate compensation allowable under the bankruptcy act, individuals or corporations would decline to act in such capacities unless greater liberality is shown, because they could not afford it, cannot justify allowances not otherwise sanctioned under a general rule sound in principle and applicable to all cases. And because the receiver herein failed to bring itself within such rule, I think the referee rightly disallowed its claim.

The order is affirmed.