In re MITCHELL et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 136.

1. BANKRUPTCY (§ 347*)—CLAIMS—PRIORITY—EXPENSE OF PRESERVING ESTATE.

Under Bankr. Act, July 1, 1898, c. 541, § 64b, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), specifying the debts to have priority and the order of payment, which specifies as the first class the actual and necessary cost of preserving the estate, debts incurred in recovering property transferred or concealed and the cost of administration, including reasonable attorney's fees, should not have been paid until watchmen employed by express authority of the court to care for a stock of jewelry had been paid for their services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538; Dec. Dig. § 347.*]

2. BANKRUPTCY (§ 474*)—LIABILITY OF TRUSTEE FOR IMPROPER PAYMENTS.

Where a trustee in bankruptcy paid attorney's fees, leaving an insufficient amount in his hands to pay watchmen employed to care for the property of the estate, he would have to stand the loss, unless he could obtain a refund from the attorneys.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884; Dec. Dig. § 474.*]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

This cause comes here upon petition to revise an order of the District Court, Eastern District of New York, which denied an application for an order directing the trustee in bankruptcy to pay to the late sheriff of Kings county $160 which was due to two caretakers of the bankrupt's property, a stock of jewelry. On October 25, 1911, prior to the bankruptcy the sheriff levied on the property under an execution. Six days later a petition in bankruptcy was filed, and on November 1st an order was made by the bankruptcy court restraining the sheriff from interfering, disposing of, or turning over such assets until further order. This order also empowered the petitioning creditors to employ a watchman to take care of the property "now in the possession of the sheriff." Thereupon the attorneys for the petitioning creditors employed the sheriff to take care of said property and directed him to employ keepers. Reversed and remanded, with instructions.

See, also, 202 Fed. 806.

William J. Mahon, of New York City, for petitioner.

Cass & Apfel, of New York City (F. H. Van Houten, of New York City, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

---

PER CURIAM. [1, 2] The two caretakers, one by day, the other by night, actually performed the services they were employed to render for 32 days. They were employed by express authority of the bankruptcy court. Their compensation has been fixed by the court at $160, and there seems to be no dispute as to the reasonableness of that sum. No claim is made by the sheriff for any poundage or fees. It is merely the payment of watchmen that is asked for. Apparently the reason for nonpayment of this claim is the circumstance that the trustee has disbursed substantially all the assets of the estate.

The trustee states that the net amount realized was $492.22; that he paid out various sums, which are enumerated in his affidavit, aggregating $195.60, and also for disbursements of attorneys for the petitioning creditors and himself $128.11. This would leave a balance of $178.51, which would be sufficient to meet the claim of these caretakers, had not the trustee paid $150 to the firm of attorneys (of which he is a member) which appeared for the petitioning creditors and subsequently for the trustee, and $75 to the attorney for the bankrupt.

The Bankruptcy Act, however, provides that the debts to have priority and to be paid in full out of the bankrupt estates and the order of payment shall be as follows:

"(1) The actual and necessary cost of preserving the estate subsequent to filing the petition."

Debts incurred in recovering property transferred or concealed and the cost of administration, including reasonable attorney's fees, are subordinated to the debts incurred for preservation of the estate, are to be paid only after the debts in class 1 have been paid in full. Section 64b. The trustee should not have paid out the funds of the estate for these purposes until he had first paid whatever was due for preserving the estate.

The order is reversed, and cause remanded, with instructions to the trustee to pay to the caretakers so much of their claim as represents services subsequent to October 31, 1911, the date when petition was filed. Presumably he will be able to obtain a refund of his payments to the attorneys; but, if he cannot do so, he will have to stand the loss of this improvident payment.