## In re SOL GROSS & CO., Inc.

### (District Court, S. D. New York. July 16, 1921.)

**Bankruptcy ⚖➡384, 484—Composition not to be confirmed where allowance to receiver exceeds that prescribed by act.**

Under Bankruptcy Act, § 48d (Comp. St. § 9632[d]), providing that on confirmation of a composition the commissions allowed a receiver or marshal shall not exceed one-half of 1 per centum of the amount to be paid creditors, and section 72 (Comp. St. § 9656), providing that "neither the referee, receiver, marshal, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act," a court is without power to confirm a composition which provides for compensation of a receiver in a sum largely in excess of that prescribed in section 48d.

In Bankruptcy. In the matter of Sol Gross & Co., Inc., bankrupt. On application for order confirming composition. Denied.

Hays Hershfield & Wolf, of New York City, for bankrupt.
Robert P. Levis, of New York City, for receiver.

KNOX, District Judge. From the affidavit filed herein in conformity with bankruptcy rule 17 (89 Fed. viii, 32 C. C. A. xix) it appears that the bankrupt has agreed to pay for the services and disbursements of the receiver the sum of $800. The items of disbursement are not segregated from the amount payable as fees. I assume, however, that disbursements constitute a minor portion of the amount agreed upon. The terms of the composition are that the bankrupt shall pay all priority claims, the costs of the bankruptcy proceedings, and 20 per cent. in cash upon filed and allowed claims of creditors. The cash distribution to be made to creditors amounts to $9,619.37. Waivers from creditors aggregate $9,912.85.

Section 48d of the Bankruptcy Act (Comp. St. § 9632[d]) provides:

"That in case of the confirmation of a composition such commissions shall not exceed one-half of one per centum of the amount to be paid creditors on such composition. * * *"

---

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

And in section 72 of the act (Comp. St. § 9656) it is said:

"That neither the referee, receiver, marshal, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act."

In the face of these limitations I do not see how the bankrupt properly can pay to the receiver the said sum of $800. I am frank to say that in cases of this character the compensation allowable by the act is altogether inadequate. The demands upon the time and attention of a receiver during the period preceding a composition may be, and indeed frequently are, as great and exacting as when the administration proceeds in ordinary course, and yet, in the latter event, the commissions of a receiver are far in excess of those which lawfully may be paid in composition.

At section 2119¼ of Remington on Bankruptcy it is suggested that—

"The 'consideration' deposited by or for the bankrupt in composition cases is for the purpose of redeeming the estate (rather than for administering it) and manifestly is an entirely different fund, in theory at least, from the bankrupt estate itself, and creditors are not interested in what allowance may be made out of that fund to the distributing agent for his care in making the distribution of the consideration to creditors. The 'consideration' is to be 'distributed as the court may direct' and the distributing agent who performs the distribution may be compensated as the court deems suitable. It is only upon the supposition that the court will appoint the receiver or trustee in composition cases distributing agent that the allowance of one-half of 1 per cent., respectively, for the receiver's and trustee's services before the composition, is endurable."

This argument, in view of the court's desire to adequately compensate the persons chosen to aid in the administration of the law, is engaging, and one I should be glad to adopt, were it not for section 72 of the act, supra. Indeed, this practice has unquestionably been followed in a great number of cases. Judge Augustus N. Hand, in the Matter of Julius S. Rosenthal, Bankrupt, decided June 15, 1917, permitted a receiver to be paid, out of the redemption fund, a larger amount than one-half of 1 per cent. There, however, the payment was consented to by all parties. Here it does not appear that the creditors have ever had brought to their attention the cost of administration under the composition, and while no objection is now voiced upon the part of any creditor, I am unable to say that no objection would have been filed had the creditors been informed of the costs. The size of a redemption fund and the ability of a bankrupt to pay administration costs bears, I am sure, some relation to the value of the estate it is sought to redeem. I also admit that a bankrupt has a right to "trade" with his creditors as to what the composition shall be; but such right of bargaining should be upon even terms and with an appreciation by the creditors as to the size of the payments being made outside of the composition. Only by the possession of such knowledge can creditors fairly determine if a composition is for their best interests.

It is doubtless true that no obligation rests upon a receiver to act as a distributing agent, and that, if such services be performed, he may be compensated therefor. Nevertheless, the compensation to be paid

must be commensurate with the worth of such services. Otherwise, the payment of such compensation would be a "form" and "guise" whereby the court's officer would receive "further compensation" for his services than that expressly authorized and prescribed by the act. I therefore reach the conclusion that I cannot sign the order confirming the bankrupt's composition, and such refusal must continue until the court is assured that its receiver has not and will not receive compensation in excess of that allowable by law.

By what has been said I do not mean to indicate that I consider the receiver's agreed compensation as excessive. I do not know what he has done, or the extent of his responsibility. I mean only that he is the victim of a harsh statutory enactment, but must, none the less, be subject thereto.