## In re DETROIT MORTGAGE CORPORATION.

### Petition of DELAND.

(Circuit Court of Appeals, Sixth Circuit. May 19, 1926.)

### No. 4396.

1. Bankruptcy ⟨⇒484—Compensation of receiver governed by statute, though petition is dismissed (Bankruptcy Act, §§ 2 [3], 48, 72 [Comp. St. §§ 9586, 9632, 9656]).

Under Bankruptcy Act § 2 (3), being Comp. St. § 9586; which authorizes the appointment of receivers to take charge of the property of an alleged bankrupt until "the petition * * * is dismissed or the trustee is qualified," compensation of a receiver so appointed is governed by the provisions of sections 48 and 72 (Comp. St. §§ 9632, 9656), which limit the amount that may be allowed by the court, whether adjudication follows or the petition is dismissed.

2. Bankruptcy ⟨⇒484.

That a corporation receiver has a department which performs service for which it might have employed a third person does not entitle it to extra compensation (Bankruptcy Act, § 72 [Comp. St. § 9656]).

3. Bankruptcy ⟨⇒484—Receiver is not entitled to commission on property returned on dismissal of petition (Bankruptcy Act, § 48 [Comp. St. § 9632]).

Under Bankruptcy Act, § 48 (Comp. St. § 9632), a receiver is not entitled to commissions on property turned back to an alleged bankrupt on dismissal of the petition.

4. Bankruptcy ⟨⇒114(1).

Receivership cannot extend to matters in which bankrupt acted as trustee.

5. Bankruptcy ⟨⇒484—Extra compensation held allowable to receiver for continuation of business (Bankruptcy Act, § 48 [Comp. St. § 9632]).

Under Bankruptcy Act, § 48 (Comp. St. § 9632), extra compensation *held* allowable to receiver for alleged corporation bankrupt for continuing its business, though its right to do business in the state had been canceled.

Petition to Revise an Order of the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

In the matter of the Detroit Mortgage Corporation, alleged bankrupt. On petition of Charles J. Deland, state receiver, to revise order allowing a claim of the Security Trust Company, as receiver in bankruptcy. Reversed.

On a petition in bankruptcy against Detroit Mortgage Corporation, Security Trust Company was appointed receiver with authority to continue the business. A creditor and subsequently the alleged bankrupt contested adjudication. Before the hearing was completed, an order was entered which, after reciting that the corporation "ought not to be adjudicated bankrupt, and that said cause ought to be dismissed and, the parties consenting thereto," that bankrupt had waived all claims for costs, damages, or charges against petitioning creditors, ordered that the petition be dismissed, without costs, and that, on the hearing and confirmation of its report directed to be filed, "the receiver will be authorized to pay to itself all of its costs, expenses, and fees to be allowed by the court, and that the balance remaining in its hands, if any, shall be turned over to the Detroit Mortgage Corporation; that if the moneys received by the said receiver are insufficient to pay all of its costs, expenses, and fees, and the costs and fees of its accountants and attorneys, that the same shall be and remain a charge against the Detroit Mortgage Corporation, and that the same shall have the same preference and priority against the assets of said Detroit Mortgage Corporation that the same would have had if an adjudication in bankruptcy had been made and said estate administered in this court, and there is hereby reserved to the receiver a lien on all the said property and assets to secure payment of the said charge, subordinate only to such existing liens and charges as would have been ahead of the same in bankruptcy. * * * It is further ordered that this court retain jurisdiction of said cause for the sole and only purpose of hearing, considering, passing up-

on, and allowing the report of the said receiver and the allowance of the claim of the attorneys for said receiver. It is further ordered that the said Security Trust Company, receiver, forthwith, or as soon as same can be done, turn over and surrender to the Detroit Mortgage Corporation all of the property, assets, and effects, books, records, and papers that have come to and now remain in its possession as receiver of the said Detroit Mortgage Corporation."

Petitioner Deland was thereupon appointed receiver of the property of the corporation in proceedings in the state court. As such receiver he excepted to the item of $10,000 receiver's fees in the Security Trust Company's report. The District Judge overruled the exception, confirmed the report, and found, inter alia, that "the petition in bankruptcy was dismissed and an order entered by this court dismissing the said proceedings on condition that the fees and expenses of the receiver and its attorneys should be paid by the Detroit Mortgage Corporation; * * * the court retaining jurisdiction solely for the purpose of hearing and passing upon the final report and account of the receiver and the allowance of its fees." He further found that the value of real estate turned back to the corporation exceeded $1,000,000, and that "the sum of $10,000 is a fair and reasonable fee for the services rendered by the receiver to the estate of the alleged bankrupt."

While concluding as a matter of law that this sum was well within the limitations of section 48 of the Bankruptcy Act, he further held "that petitioning creditors are liable for the reasonable compensation of the receiver in cases where the petition is dismissed, except when otherwise ordered by the court, and that such reasonable compensation is not limited to the percentages fixed by sections 48 and 72 (Comp. St. §§ 9632, 9656) on the money disbursed by the receiver. By reason of the order entered in this cause dismissing the petition which was approved by the parties the Detroit Mortgage Corporation became liable · for the fees otherwise chargeable against the petitioning creditors, and the fees herein determined to be the fair and reasonable value of the services rendered by the receiver are therefore chargeable against the Detroit Mortgage Corporation."

Petitioner had contended, and on this petition to revise contends, that section 48 and section 72 are applicable; that only money disbursed and money, but not property, of the estate turned back is the basis to which the statutory percentages apply; that a percent-age compensation allowed to the real estate department of the receiver for collecting rents is to be deemed a part of the statutory compensation; and that as moneys received by it from mortgagors, kept separate and paid to noteholders, were not received in its capacity as receiver, inasmuch as the corporation was merely a trustee under the mortgages and had no personal interest in the notes, no compensation can be allowed therefor.

Lee E. Joslyn, of Detroit, Mich. (Joslyn, Joslyn & Joslyn, of Detroit, Mich., on the brief), for appellant.

John C. Bills, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). [1] 1. It is not contested that, but for the agreement of the parties, the receiver's fees would have been charged, at least primarily, to the petitioning creditors on a dismissal of their petition, and that they are to be paid in this case out of the estate only because of the agreement of the parties. The real question, therefore, is whether or not sections 48 and 72 limit such fees, when payable, not out of the estate, but by the petitioning creditors. On this exact question no case has been cited to or found by us. Each side argues that the legislative history of section 48, as amended in 1910, supports its contention. Senate Report No. 691, 61st Congress, 2d Session, May 16, 1910; 45 Cong. Rec. pt. 3 (1910) pp. 2260–2280, 7933.

Remington in his Bankruptcy (third edition, volume 1, sections 411, 460, and 488), expresses the opinion that sections 48 and 72 of the act were intended to govern the fees to be allowed in the event of adjudication and the consequent appointment of a trustee when they would necessarily come out of the bankrupt estate; that it was the protection of bankrupt estates and the ofttimes numerous small creditors thereof with which Congress was concerned, and not petitioning creditors, well able to protect themselves in the event of a contest, as to the reasonableness of such charges to be taxed as costs against them.

We cannot concur in this reasoning, or in these conclusions, because, however meritorious these considerations may be, they find no support in the text or context of the Bankruptcy Act. If on the face of the papers the jurisdictional facts are stated, the bankruptcy

court has jurisdiction of the cause, even though those jurisdictional facts should subsequently not be proven. That jurisdiction includes the appointment of receivers.

Section 2 (3) of the act (Comp. St. § 9586) expressly authorizes the appointment of receivers to take charge of the property *until the petition is dismissed* or the trustee has qualified. It follows therefrom that, when a receiver is appointed, it is not because of any general equitable powers in the bankruptcy court, but because of the express provisions of the act, and in full contemplation of the possibility that the petition in bankruptcy may ultimately be dismissed, either for failure of proof or by agreement of all parties. Therefore, in the absence of express provision to the contrary, wherever the act makes provision in respect to the compensation of a receiver, that provision must be deemed to apply, irrespective of whether the petition is ultimately dismissed or the trustee is appointed, and irrespective likewise of whether payment is to be made by petitioning creditors or the estate. In our judgment, sections 48 and 72 govern the situation.

[2] 2. Because of section 72, the compensation allowed to the receiver's rental department must be deemed payment on account of the statutory commissions. The fact that the receiver has several branches of its business, and through one of them performs services for which it might have employed a third person, no more entitles it to additional compensation therefor than would legal services rendered by a lawyer to the estate of which he is receiver entitle him to additional compensation.

[3] 3. Clearly, too, under section 48, no compensation can be based upon the value of property turned back to the alleged bankrupt. However great the hardship resulting from this construction, the language of the act is in this respect entirely clear.

[4] 4. In so far as moneys came to the receiver, not because of debts due the alleged bankrupt but because it was a trustee under mortgage loans, no compensation therefor can be allowed in this case. The bankruptcy receivership did not extend, and could not have extended, over the trust activities.

[5] 5. Double compensation for continuation of the business by the receiver is allowable, even though the alleged corporate bankrupt's right to do business in Michigan had theretofore been canceled.

Decree reversed, and cause remanded for further proceedings, in accordance with the views herein expressed.