## In re BENJAMIN KAUFMAN, Inc.

District Court, S. D. New York. July 1, 1927.

1. Bankruptcy ⟨⟩248—Fees are not allowed appraisers, where order of appointment does not fix compensation (General Order in Bankruptcy XLV).

Fees are not allowed appraisers, where order appointing them does not fix their compensation, or rate or measure thereof, as required by General Order in Bankruptcy XLV.

2. Bankruptcy ⟨⟩114(1)—Receiver should obtain instructions before incurring large traveling expenses.

Receiver should obtain instructions from the court before incurring large traveling expenses for himself and others under his direction.

In Bankruptcy. In the matter of Benjamin Kaufman, Inc., bankrupt. On review of referee allowing compensation to receiver and others. Allowances in part approved; in part disallowed.

Kaye, McDavitt & Scholer, of New York City, for petitioning creditors and receiver.

THACHER, District Judge. The matter is here on report of referee, recommending allowance of compensation to receiver, to his attorneys, to the attorneys for the petitioning creditors, to the attorney for the bankrupt, and to the appraisers.

[1] Unfortunately, the referee's order appointing the appraisers does not fix their compensation, or the rate or measure thereof. General Order XLV requires that this be done in the order appointing them. I do not see how the failure to comply with the General Order can be overlooked, without ignoring it entirely and defeating the practice which it prescribes. The allowance recommended for the appraisers must therefore be disallowed. So far as the other allowances recommended by the referee are concerned, I think them proper and approve his recommendations.

[2] This matter has given me much concern with regard to the very large expenditures in-

curred by the receiver for expenses of living and travel outside of the district, not only of himself, but of others, who were sent to various cities throughout the United States where the bankrupt had stocks of goods. A receiver in bankruptcy, like any other receiver, by virtue of his appointment is merely authorized to protect and preserve the property of the estate within the jurisdiction of the court appointing him, and the practice disclosed by this record, under which this receiver traveled throughout the United States, without any instructions from the court or any approval in advance of the expenditures made, cannot be approved.

The referee has, however, found—and I concur in his finding—that what was done was advantageous to the estate, and I am satisfied, after conference with the receiver, that the expense was not exorbitant, in view of the difficulties encountered and the necessity for prompt action. I see no reason, however, for the receiver's having proceeded without the approval of the court, which might have been obtained ex parte, and, if there had been objection from any of the creditors to his accounts, I think a serious question would have arisen as to their approval. The receiver, however, was acting upon the earnest insistence of a committee representing a very large majority of the creditors, and his accounts were approved by the referee at a meeting regularly called, of which all the creditors had notice.

Under these circumstances, I pass his accounts, but in so doing do not wish to be understood as approving the practice disclosed by this record.