## NISONOFF v. IRVING TRUST CO.
### No. 54.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1933.

House, Holthusen & McCloskey, of New York City (Victor House, Spencer Pinkham, and Henry F. Holthusen, all of New York City, of counsel), for appellant.

Clarence J. Shearn, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, who owns thirteen shares of the capital stock of the defendant corporation which she purchased either in February, 1929, or about then, brought this action in behalf of herself and all other stockholders similarly situated who might become parties and share the expenses of the suit to restrain the corporation from doing certain acts claimed to be unlawful and so ultra vires. An injunction pendente lite was sought and denied, and the cause is now before us on the plaintiff's appeal from the refusal to grant her motion for such temporary injunction.

Since about July 1, 1929, the defendant has been the designated standing receiver in bankruptcy in the Southern district of New York under a rule of the District Court. It has been appointed receiver in a large number of actions by the judges sitting in bankruptcy causes in that district. In many such cases it has subsequently been elected trustee and has acted in that capacity also. To complement this practice of the courts in accordance with the rule to appoint the defendant receiver whenever it is not disqualified by interest, the defendant has undertaken to accept all such appointments. A rule of the District Court also provides for giving notice to creditors that the defendant is available to act as trustee, and its election has often, no doubt, been a result of the practical effect of such notice. This practice prevails at present and in all likelihood will continue unless enjoined.

Although one object of the present action was to restrain the defendant from carrying out its agreement to accept all appointments as receiver in bankruptcy, that broad aspect of the suit is not now pressed, and we are now concerned only with three specific charges of conduct in acting as receiver or trustee which it is claimed should be enjoined as unlawful. They are:

"(a) Making charges against and taking out of estates in bankruptcy of which it acts as receiver and/or trustee, in addition to its statutory commissions, money for the services of its own employees.

"(b) Making charges against and taking out of estates in bankruptcy for which it acts as receiver and/or trustee in addition to its statutory fees moneys for collections made by a group of its own employees functioning as its private collection agency under the name of 'Estates Collection Service' and

"(c) Taking profits on moneys deposited with it as Depository by estates of which it was or is, at the same time, receiver and/or trustee."

The record fairly shows that the defendant does what it is thus charged with doing. It seeks to justify its conduct in these respects by showing as to (a) and (b) that what it receives is lawfully allowed to it as expenses, and as to (c) that it acts by express authorization under Rule 30 of the District Court duly approved, and within the scope of General Order in Bankruptcy 46 promulgated by the Supreme Court (11 USCA § 53). As the facts are clear on the record, the plaintiff's right to an injunction pendente lite involves no element of discretion, but depends rather on her right to a permanent injunction. The element of time when the restraint shall become effective, if ever, is alone the distinguishing feature, and so, while the general rule is that the grant or refusal of a preliminary injunction falls within the exercise of a sound discretion by the trial court, that does not obtain where there has been a refusal or failure to follow clearly established principles of law properly applicable to facts not in dispute. Winchester Repeating Arms Co. v. Olmsted (C. C. A.) 203 F. 493. Compare Union Tool Co. v. Wilson, 259 U. S. 107, 112, 42 S. Ct. 427, 66 L. Ed. 848. Consequently the denial of the injunction pendente lite cannot be supported merely as a ruling within the proper bounds of the discretion of the trial court, but must be considered on the basis of legal right.

Before giving effect, however, to any conduct of the defendant which may contravene

the Bankruptcy Act (11 USCA) and so be ultra vires because unlawful, it is essential to determine a preliminary question which the defendant has raised, and that is whether the plaintiff may maintain this action as a stockholder of the defendant suing for herself and other stockholders in like situation who may join in the suit. This appeal does not question the power of the defendant under its charter to accept an appointment as receiver in bankruptcy and to act thereunder nor to act as a duly elected trustee in bankruptcy. The appeal has, on the contrary, been narrowed to put in issue (1) the right of the defendant to perform its duty as such receiver or as such trustee by using its own employees in doing the work and receiving in addition to its statutory fees and commissions extra compensation by way of payment, under allowance by the court, of charges it makes for the work such employees do; (2) the right of the defendant to deposit with itself the funds it holds as a receiver or trustee. The method by which (1) is accomplished to the greatest extent is by charging a separate collection commission on accounts receivable which it collects through a department of its own organized and conducted by its employees under the name of Estates Collection Service. In respect to (2), it is enough for the present to notice that the practice is expressly permitted by General Order 46 of the Supreme Court and Rule 30 of the District Court duly approved.

■ Beyond question no receiver or trustee may lawfully receive, directly or indirectly, as compensation for his services more than is allowed by the Bankruptcy Act (section 72 [11 USCA § 112]). The terms of the act are explicit and are strictly enforced. In re George Halbert Co., 134 F. 236 (C. C. A. 2); In re Detroit Mortgage Corp., 12 F.(2d) 889 (C. C. A. 6); In re Sol Gross & Co., 274 F. 741 (D. C. S. D. N. Y.).

Beyond question also both a receiver and a trustee may be allowed and receive out of the estate payment for "actual and necessary expenses incurred," in accordance with the provisions of section 62 of the act (11 US CA § 102). What are actual and necessary expenses must be determined by the court in the light of the attendant facts in each case. Lerner Stores Corp. v. Electric Maid Bake Shops (C. C. A.) 24 F.(2d) 780. Yet in taking this view of the law it must be remembered that, whenever a corporation acts as receiver or trustee, everything it does must be done by some one acting for it, and ordinarily it must pay for the services rendered.

To that extent the cost to it of such services is actual and necessary, but we do not mean to be understood that, because the corporation must pay its regular employees for the services it performs through them for the estates for which it acts as receiver or trustee, the expense to it of maintaining a personnel qualified to do that work, or the expense, more broadly stated, of being and keeping itself competent to perform its duties as receiver or trustee, can be charged in whole or in part as expenses to the estates. Its compensation for being a competent receiver or trustee and for doing the work such a receiver or trustee customarily does himself must be found solely in the statutory fees and commissions; and it is the duty of the court to see to it that nothing more is allowed. It is obvious that, until and unless the defendant is allowed by the court and has received more than the law permits, it has done nothing unlawful and so ultra vires in respect to compensation. We point this out, not for the purpose of indicating what our decision will be when the subject-matter may be presented in an action which permits a decision on the merits, but to bring into clear relief the fact that the claimed ultra vires acts in respect to compensation consist in the receipt of allowances unlawful only when erroneously authorized by courts having jurisdiction of the subject-matter. So any danger of injury to the corporation or to the plaintiff as a result lies in reality only in the danger of such courts making erroneous decisions which remain uncorrected.

■ Regardless of this, however, the need of a plaintiff in this kind of an action to make a reasonable effort before bringing suit to procure redress within the corporation itself requires an affirmance. It would be hard to find a more striking instance of the worth of such a rule. The need for it is clearly shown in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827, which expresses the general conditions for its application. Where the wrong claimed to have been done the plaintiff is one with which the corporation is threatened in the first instance and can reach the plaintiff only through stock ownership by reason of the injury to the corporation which all stockholders must suffer, if any do, in proportion to their holdings, the cause of action is derivative, and it is necessary as a condition precedent for the plaintiff to show that an earnest effort has been made to correct, within the corporation itself, the conduct of which complaint is made. Only when such a plaintiff has done that is he entitled in his own name to maintain an action which is essentially that

of the corporation. Such threatened injury to the plaintiff is too remote to support an action in his own name until he can satisfy the court either that he has been unable to seek redress within his corporation, or that the circumstances make it unreasonable, because practically useless, to attempt it, or that he has honestly tried and failed. Bartlett v. New York, N. H. & H. R. Co., 221 Mass. 530, 109 N. E. 452; Ulmer v. Maine Real Estate Co., 93 Me. 324, 45 A. 40; Niles v. New York Cent. & H. R. R. Co., 176 N. Y. 119, 68 N. E. 142; Hodge v. Meyer (C. C. A.) 252 F. 479; Dickinson v. Consolidated Traction Co. (C. C.) 114 F. 232; Clarke v. Eastern Building & Loan Ass'n (C. C.) 89 F. 779.

There is no allegation in this bill that the plaintiff has ever tried in any way to have her grievances redressed within the corporation; or that she has ever been denied any opportunity to do so to the full extent that her ownership of stock entitles her to do it; or that there is any reason to believe that any abuses in the management would not be corrected if she did so; or that there is anything which would make it unreasonable to require such action on her part as a condition precedent to this suit. Although none of the directors or officers of the corporation have been joined, it may not be amiss to press the point that, if there is any cause of action on the facts alleged, it is because they, or some of them, have been derelict in their duty to the corporation, and the primary right of action is in the corporation against them. Accordingly a proper joinder of parties would require allegations which conform to the requirements of Equity Rule 37 (28 USCA § 723). The motion for an injunction was therefore properly denied.

Affirmed.

MANTON, Circuit Judge (concurring).

This stockholder seeks an injunction against the continuation of what she regards as unlawful practices by her corporation, amounting to ultra vires acts. The suit is to be distinguished from a derivative suit seeking to sue for waste or injury to the corporation. If the acts complained of are illegal, they give rise to a cause of action in favor of a shareholder. General Investment Co. v. Lake Shore & M. S. R. Co., 250 F. 160 (C. C. A. 6); Du Pont v. Northern Pac. R. Co. (C. C.) 18 F. 467; Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, 161, 76 N. E. 1075; Manderson v. Commercial Bank of Pa., 28 Pa. 379, approved in Zabriskie v. Cleveland, Col. & Cinn. R. Co., 23 How. (64 U. S.) 381,

395, 16 L. Ed. 488. As stated in an English case, a shareholder who finds his corporation committing ultra vires acts, may come into court and say, " 'This company is going to do an act which is beyond its powers: stop it;' and the Court has no discretion in the matter." Tomkinson v. South-Eastern Ry., 35 Ch. D. 675, 677. And as Cook says, in his Principles of Corporation Law, p. 479, "A stockholder may enjoin any illegal act without alleging actual injury, present or future to himself." If the suit be one to recover damages for injury to the corporation, and is lodged against a third party or the officers of the corporation, the suit must be brought by the shareholder in his own interest and in behalf of others only after reasonable efforts have been made to have the corporation sue. But this is an application to enjoin threatened future ultra vires acts. It may be brought by a stockholder as such. Gen. Investment Co. v. Lake Shore & M. S. R. Co., 250 F. 160, 173 (C. C. A. 6).

As Judge CHASE states, the facts are not in dispute and the determination below should not rest upon the court's discretion, but must be decided on the question of law presented. Union Tool Co. v. Wilson, 259 U. S. 107, 42 S. Ct. 427, 66 L. Ed. 848; In re Sobol, 242 F. 487, 489 (C. C. A. 2); Winchester Repeating Arms Co. v. Olmsted, 203 F. 493 (C. C. A. 7).

Ordinarily and necessarily, pursuant to the Bankruptcy Act (11 USCA), allowances made to receivers and trustees are under the direct supervision of the court. If error is committed in making allowances, the parties to that litigation have a remedy, and ordinarily that should be a sufficient corrective medium. As such it avoids the need of restraining in advance the hand of the District Judge in making allowances, including reimbursement of lawful expenditures. We may not assume that error in this respect will be made continuously by the judges supervising bankruptcy cases. Therefore it is proper to deny the injunction sought here to restrain (a) making charges against and taking out of estates in bankruptcy for which appellee acts as receiver and/or trustee, in addition to its statutory commission, moneys for the services of its own employees; (b) making charges against and taking out of estates in bankruptcy for which appellee acts as receiver and/or trustee, in addition to its statutory fees, moneys for collection made by its employee, functioning as its private collection agency, under the name of the Estates Collection Service. But, as Judge CHASE says

in his opinion, the denial of the injunction should not be intended to license or authorize any unlawful charges.

. Admonition against such practices may well be stated. These difficulties arise because of the practice of corporate receiverships and trusteeships in the Southern district of New York. An examination of the provisions of the Bankruptcy Act leaves no doubt that its major purpose is to preserve the assets of the bankrupt estate for distribution to its creditors. To obtain that result, compensation and expenses allowed to judicial officers engaged in administering the bankrupt estates are carefully regulated. Compensation of referees, trustees, receivers, clerks, and marshals is expressly provided by the act, sections 40, 48, 52 (11 USCA §§ 68, 76, 80). As an additional precaution, the act of 1898 was amended by the acts of 1903 and 1910 which added a new section, section 72 (11 USCA § 112), expressly forbidding any other or further compensation "in any form or guise." The Supreme Court, by General Orders 35, 40, and 42 (11 USCA § 53), promoted the purpose of the act by further regulation of compensation. The District Courts have pursued the same purpose by rules of court. See So. District N. Y. Bankruptcy Rules, 16, 17, 31, 36. Although compensation is strictly limited and regulated, the Bankruptcy Act, recognizing the necessity of expenses of administering estates in addition to statutory compensation, has provided in section 62 of the act (11 USCA § 102) that "The actual and necessary expenses incurred by officers in the administration of estates shall, except where other provisions are made for their payment, be reported in detail, under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred." General Orders 10, 26, 35, 42, 43, and 45 (11 USCA § 53) regulate expenses to be charged against bankrupt estates in addition to compensation of judicial officers. The rules of the court do likewise. See So. District N. Y. Bankruptcy Rules, 8, 9, 10, 11, 13, 16, 17, 18, 21, 29, 31, 34, and 36.

This corporate receiver in its report to the District Court stated under date of November 30, 1932:

"Of the 163 employees on the payroll of the Division at September 30, 1932, whose aggregate salaries would amount to $365,588.-04 per year, some charge was being made for the services of 67 representing an annual salary-cost to us of $178,040.28. * * *

"Since July 1, 1929, charges have been made to the respective estates as above described. During the period from July 1, 1929 to September 30, 1932, the salary paid by us to those employees, for part of whose time a charge was made against the several estates as described above, was $589,526.73 whereas the amount charged to the several estates for their services was $404,873.35. * * *

"From July 1, 1929, to September 30, 1932, there have thus been devoted to the administration of estates, services of the aggregate salary cost to us of $1,241,575.73, of which only $404,873.35 has been charged to the several estates. The difference, amounting to $836,702.38, has been absorbed by us and represents a charge against the amount of our fees and commissions during that period. * * *"

It would seem, therefore, to stand admitted on the record that over and above the statutory commissions the appellee has charged against estates from July 1, 1929, to September 30, 1932, $404,873.35 for the time and services of its regular employees and still continues to make similar charges. Indeed, there is the intimation that it is in a sense beneficence that it does not charge all the salaries of all persons employed in its receivership division against the estates which it administers. On the argument, when counsel for the appellee was asked what services were rendered for the statutory allowances, his answer was, "the advice and supervision given and the moral support" of this, the corporate, receiver.

The expenses of administration like business expenses generally, vary widely with the nature and complexity of the estate being administered. Unlike statutory fees and compensation, no fixed rule can be stated except the broad precautionary rules which forbid judicial officers to incur certain types of expenses without express approval of the court. See General Order 45 (11 USCA § 53) and So. District N. Y. Bankruptcy Rules 8, 9, 10, 13, 18, 29, and 34. Section 62 of the Bankruptcy Act indicates the procedure which must be followed in each case. The actual and necessary expenses shall be reported in detail, under oath, and examined and approved or disapproved by the court. This section places upon the court the duty to examine claimed expenses and to determine whether they are necessary and actually incurred before allowing them. A discretion wisely exercised by the District Court will not be disturbed here.

The cases are ample authority for the guidance of the District Court in exercising

its discretion in this matter. As expenses of administration trustees and receivers have been allowed rentals [Gardner v. Gleason, 259 F. 755 (C. C. A. 1)], wages of custodians if their employment was prudent [In re Mitchell, 212 F. 932 (C. C. A. 2)], reasonable attorney's fees [In re Consolidated Distributors, 298 F. 859 (C. C. A. 2)], and the fees of accountants, auctioneers, and appraisers when General Order 45 has been obeyed [In re Benjamin Kaufman, Inc. (D. C.) 21 F. (2d) 799].

But it must be assumed that receivers and trustees are appointed because of their known fitness and qualifications to discharge their duties under the Bankruptcy Act. Section 45 (11 USCA § 73) expressly provides that trustees shall be competent to perform the duties of the office. The receiver or trustee primarily and personally must discharge the duties of the judicial office as the consideration for his statutory compensation. He is allowed expenses for the assistance of others only for matters a competent individual cannot be held reasonably to do personally. In re Pickhardt (D. C.) 198 F. 879. He cannot occupy the judicial office passively and charge as an expense for work performed by his attorneys which he himself should have done. In re Union Dredging Co. (D. C.) 225 F. 188; Ohio Valley Bank Co. v. Mack (C. C. A.) 163 F. 155, 161, 24 L. R. A. (N. S.) 184; Mason v. Wolkowich (C. C. A.) 150 F. 699, 708, 10 L. R. A. (N. S.) 765; Remington on Bankruptcy, § 2687.

The application of this rule, requiring a receiver or trustee to perform much of his judicial duty personally as consideration for the statutory fee, is difficult in the Southern district of New York because of the existence of a standing corporate receiver and the practice of that corporation acting as trustee. Its mere appointment does not entitle it to the statutory compensation, and it has no right to charge as expenses the cost of services of some or all of its employees who do the actual work. Section 62 of the Bankruptcy Act allows actual and necessary expenses and no more. A corporation, depriving the estate of the personal services of an individual, who would receive only the statutory compensation, cannot increase expenses because of its own nonpersonal existence by charging the services of some or all individual employees to expenses. Services which an individual receiver or trustee would perform for his statutory compensation, the corporation must perform for the statutory compensation. See In re Cameo Curtains, Inc., 4 F. Supp. 672 (D. C. S. D. N. Y.).

If the collection agency receives its collections by writing letters or other methods, short of collecting through the assistance of attorneys, it should not be allowed percentage compensation. Such services must be regarded as the service of the receiver for which payment is included in the statutory allowance. In re Cameo Curtains, Inc. (D. C.) 4 F. Supp. 672.

A corporation, in a less advantageous position than an individual, necessarily forms an organization to perform services for it. Indeed it can act only through its officers and employees. But it is for the service which an individual would perform as receiver or trustee that the statutory compensation is allowed. To include other allowances violates section 72, for expenses are not to be allowed for work of regular employees. An individual trustee who, in addition to the usual service, gives the estate additional professional services as attorney, can obtain no additional compensation. Holland v. McIlwaine, 223 F. 777 (C. C. A. 4); In re Halbert Co., 134 F. 236 (C. C. A. 2). Likewise, a corporation engaged in various forms of business is not entitled to additional compensation allowed under the guise of expenses if it chooses to place its various services at the disposal of the estate. In re Detroit Mortg. Corp. 12 F. (2d) 889 (C. C. A. 6).

The injunction was sought also against "taking profits on moneys deposited with it as Depositary by estates of which it was or is, at the same time, receiver and/or trustee." The practice of this corporate receiver accepting deposits of the trust funds received from the various estates in bankruptcy is permitted under General Order 46 of the Supreme Court (11 USCA § 53) and Rule 30 of the District Court for the Southern District of New York, duly approved. The corporation is a banking institution, and, when it receives these moneys, it does so as a banking depositary. It acts in this dual capacity as receiver and depositary by permission of the court. As a banking institution it is permitted to receive these deposits. It may make such use of the deposits as a banker as the law permits.

I concur in the result.