Peter A. Quinn, J.
Motions under calendar numbers 11 and 12 are consolidated herein and disposed of together.
Defendants move pursuant to subdivision (a) of 3211 CPLR to dismiss the complaints on the ground that they fail to state a cause of action, and pursuant to paragraph 2 of subdivision (a) to dismiss the actions on the ground that the court does not have jurisdiction of the subject matter thereof. Defendants contend that the Civil Aeronautics Board has primary jurisdiction.
Plaintiffs, as a stockholder and the administratrix of a stockholder of the corporate defendants, suing to enjoin the operation of defendant American Airlines, Inc.’s “ American Club ”, and of defendant Pan American World Airways, Inc.’s “ Clipper Club ”, on the ground that the corporations and their stock *883 holders will sustain irreparable injury unless an injunction is issued.
The complaints allege that the operation of the clubs is unlawful, because privileges and facilities are extended to persons with respect to matters required by the Civil Aeronautics Board to be specified in tariffs filed by the corporations, but which were not so specified, and because undue and unreasonable preference and advantages are given by the corporations to members of the clubs. The complaints further allege that the maintenance of the clubs constitutes waste, creates dissatisfaction among passengers who are not members, and may subject the corporations to criminal prosecution. The complaints do not seek recoveries on behalf of the corporations or damages for waste.
These are representative rather than derivative suits, which are being brought by shareholders (or representatives thereof) against corporations to restrain ‘‘ unlawful ’ ’ activities.
Plaintiffs in their complaints do not allege that they made a reasonable effort to procure redress within the corporations themselves prior to the institution of these actions. The failure to allege such a necessary prerequisite is fatal and warrants a dismissal of the complaints for failure to state a cause of action (Hawes v. Oakland, 104 U. S. 450, 460-461; Nisonoff v. Irving Trust Co., 68 F. 2d 32; Isaac v. Marcus, 258 N. Y. 257).
Moreover, it appears that this court does not have jurisdiction over the subject matter of these actions.
Plaintiffs contend that the allegations of their complaints charge the defendants “with violating Sections 403 (b) and 404 (b); 49 U. S. C. Sections 1373 (b) and 1374 (b) of the Federal Aviation Act of 1958 ’ ’.
The “unlawful” conduct alleged by plaintiffs in their complaints presents issues over which the -Civil Aeronautics Board has primary jurisdiction. Questions of discrimination in violation of section 403 of the Civil Aeronautics Act of 1938 and possible undue and unreasonable preference and advantage in violation of section 404 are within the exclusive jurisdiction of the Civil Aeronautics Board (Lichten v. Eastern Airlines, 189 F. 2d 939; Adler v. Chicago & Southern Air Lines, 41 F. Supp. 366).
These motions insofar as they seek consolidation or a joint trial are granted on consent, although such relief is rendered academic by the dismissal of the complaints herein.
Accordingly, this motion is in all respects granted.