### In re CHIMOVITZ et al.

District Court, E. D. Michigan. N. D.
January 18, 1929.

No. 1434.

Bela J. Lincoln, of Detroit, Mich., for receiver.

TUTTLE, District Judge. This bankruptcy cause is before the court on petition filed by the receiver herein to review an order of one of the referees in bankruptcy fixing the amount of the fee of such receiver.

The undisputed facts are as follows: On the filing of the involuntary bankruptcy petition herein, and before the adjudication thereon, this receiver was appointed and took possession of the assets of the bankrupt estate, consisting of real and personal property subject to certain liens securing indebtedness of the bankrupts, the incumbered property having a value substantially in excess of the amount of such liens. The receiver did not carry on the business of the bankrupts, but acted merely as a custodian. He did, however, perform various acts and duties in connection with the care and preservation of the property coming into his possession, including the property incumbered by said liens.

After the adjudication, but before the election of a trustee in bankruptcy, the bankrupts offered terms of composition, consisting of 40 per cent. of the claims of creditors not entitled to priority and unsecured, which offer was accepted by such creditors and duly confirmed by the court. Thereupon the property of the bankrupts, incumbered and unincumbered, was delivered by the receiver to the bankrupts, subject to the aforesaid liens. Upon the acceptance of said terms of composition, the funds to be paid to creditors on such composition were deposited in the bankruptcy court, but no amount for the payment of a fee to the receiver was so deposited. The amount, however, of such fee was agreed on between the bankrupts and the receiver at the sum of $750, which was paid by the bankrupts directly to the receiver, without any allowance or authorization by the court. That amount represents approximately the statutory commission to which the said receiver would be entitled, under section 48 of the Bankruptcy Act (11 USCA § 76) hereinafter considered, if such commission were computed on the total indebtedness, secured and unsecured, of the bankrupts, and was apparently computed and agreed on for that reason.

Thereafter the propriety of this payment was questioned by interested parties and the receiver then filed a petition before the referee asking the allowance of the aforesaid sum as his fee for his services as such receiver in the protection and preservation of the incumbered and unincumbered assets of the bankrupts, and claimed that the amount of such fee should be determined by computing the statutory percentage (one-half of 1 per cent.) upon the amount of the secured and unsecured indebtedness of the bankrupts. The referee refused to allow the fee so claimed, holding that the amount of such fee should be based upon the amount distributed to creditors in the composition proceedings.

Section 48(d) of the Bankruptcy Act provides as follows:

"Receivers or marshals appointed pursuant to section two, subdivision three, of this act shall receive for their services, payable after they are rendered, compensation by way of commissions upon the moneys disbursed or turned over to any person, including lien holders, by them, and also upon the moneys turned over by them or afterwards realized by the trustees from property turned over in kind by them to the trustees, as the court may allow, not to exceed six per centum on the first five hundred dollars or less, four per centum on moneys in excess of five hundred dollars and less than one thousand five hundred dollars, two per centum on moneys in excess of one thousand five

hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars: Provided, that in case of the confirmation of a composition such commissions shall not exceed one-half of one per centum of the amount to be paid creditors on such compositions: Provided, further, that when the receiver or marshal acts as a mere custodian and does not carry on the business of the bankrupt as provided in clause five of section two of this act, he shall not receive nor be allowed in any form or guise more than two per centum on the first thousand dollars or less, and one-half of one per centum on all above one thousand dollars on moneys disbursed by him or turned over by him to the trustee and on moneys subsequently realized from property turned over by him in kind to the trustee: Provided further, that before the allowance of compensation notice of application therefor, specifying the amount asked, shall be given to creditors in the manner indicated in section fifty-eight of this act."

It will be noted that this statute clearly and positively provides that "in case of the confirmation of a composition such commissions shall not exceed one-half of one per centum of the amount to be paid creditors on such composition." The composition herein was limited, in its application and effect, to the unsecured indebtedness of the bankrupts. "The amount to be paid creditors on such composition" consisted solely of the amounts paid to unsecured creditors and did not include any payments whatever to any secured creditor. Nor was any property delivered to any secured creditor in, as a result of, or in connection with, such composition or any of these bankruptcy proceedings. Section 12(e) of the Bankruptcy Act provides that, "upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed." Section 70(f) of the Bankruptcy Act provides that, "upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him." As pointed out by the Circuit Court of Appeals for this circuit in the case of In re Detroit Mortg. Corporation, 12 F.(2d) 889, at page 891: "Clearly, * * * under section 48, no compensation can be based upon the value of property turned back to the alleged bankrupt. However great the hardship resulting from this construction, the language of the act is in this respect entirely clear."

It is urged by the receiver that because, as a result of this composition, the property of the bankrupts subject to the liens in question was returned by the receiver to the bankrupts, and thus made available to the secured creditors for enforcement of payment of their secured indebtedness, the amount of such indebtedness should be considered as part of "the amount to be paid creditors on such composition," within the meaning of the language of section 48 just quoted. No authority has been cited, and I know of none, in support of this contention. I have carefully considered the argument of the receiver in this connection, but am unable to agree with it. In my opinion, such argument not only requires a forced, unnatural construction of the words "amount to be paid creditors on such composition," but also overlooks and ignores the equally plain language of section 48 preceding the words last quoted and limiting the commissions of receivers to "commissions upon the moneys disbursed or turned over * * * by them." I am satisfied that the contention of the receiver in question is without merit and cannot be sustained, and that the referee did not err in fixing the fee of the receiver at the amount to be paid, according to the terms of the composition in the case, to unsecured creditors of the bankrupts.

One other matter deserves notice. As already indicated, during the course of the composition proceedings, the receiver and the bankrupts agreed on the fee of the receiver in the amount claimed by him, which was paid to him directly by the bankrupts without any order of allowance by the court or referee. In making this agreement and payment, the receiver and the bankrupts appear to have acted in entire good faith and in the belief that a formal allowance of this fee and the payment thereof through the court might be waived by their mutual consent. The propriety, however, of such a course may well be doubted.

It will be noted that the final clause in section 48(d) hereinbefore quoted, provides that, "before the allowance of compensation notice of application therefor, specifying the amount asked, shall be given to creditors."

General Order XLI, adopted since the time of the agreement and payment involved in the present case, provides as follows:

"Before confirming a composition, the judge of the court shall require all creditors and other persons who may have waived their right to share in the distribution of the deposit made by the bankrupt, for claims, fees or otherwise, to set forth in writing and under oath all agreements with respect thereto with the bankrupt, his attorney, or any other

116

person, and shall also require an affidavit by the bankrupt that he has not directly or indirectly paid or promised any consideration to any attorney, trustee, receiver, creditor, or other person in connection with the composition proceedings except as set forth in such affidavit or the offer of composition, and that he has no knowledge of any such payment or promise by any other party."

General Order XLII, adopted at the same time, provides as follows:

"Every attorney, receiver and trustee seeking an allowance of compensation from a bankrupt estate for services rendered, shall file with the referee a petition under oath, setting forth a full and detailed statement of such services and the amount claimed therefor, and, in case of an attorney or receiver, the amount of the partial allowance, if any, theretofore made, and such petition shall be accompanied by an affidavit of the applicant stating that no agreement has been made, directly or indirectly, and that no understanding exists, for a division of fees between the applicant and the receiver, the trustee, the bankrupt or the attorney of any of them. In the absence of such petition and affidavit no allowance of compensation shall be made."

Rule 27(i) of the Local Bankruptcy Rules for this district, adopted since the promulgation of the General Orders just quoted, provides for compliance with the requirements of said General Orders. Rule 27(c) of the Local Bankruptcy Rules provides that in making the computation of the amount to be deposited by the bankrupt in composition proceedings "the referee shall include all expenses, allowances and fees that may accrue in such composition proceedings."

To what, if any, extent the applicable provisions of the Bankruptcy Statute and Rules permit agreements between the interested parties relative to the payment of fees to receivers and other officers in composition proceedings, in view of the language of the statute and rules just quoted, is a question which was not considered by the referee in the present case and although, at the suggestion of the court, counsel for the receiver herein has submitted an interesting argument thereon, the question is of such importance as to warrant full consideration in a case where it is actually involved and contested, and therefore, and as a decision thereon is not necessary in the present case, I have concluded to defer such a decision at the present time, and no opinion on that question is now expressed.

An order will be entered allowing the fee of the receiver at, and limiting such fee to, the amount allowed by the referee.