In re IRON CLAD MFG. CO.

(Circuit Court of Appeals, Second Circuit. June 11, 1914.)

No. 281.

1. BANKRUPTCY (§ 482*)—REVIEW—ALLOWANCE OF ATTORNEY'S FEES.

While an appellate court may in case of clear error change the amount of an attorney's allowance made by the court in which the services were rendered, it will not do so unless the error is of the plainest.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

2. BANKRUPTCY (§ 482*)—JURISDICTION OF COURT—FIXING FEES OF SOLICITOR.

The jurisdiction conferred on a court of bankruptcy, by an application by parties to a collateral proceeding by a receiver in bankruptcy to substitute a new solicitor, to determine the amount of the lien of the present solicitor on papers in his possession does not extend to the fixing of the fees of such solicitor and the liability in personam therefor, nor can such jurisdiction be conferred by consent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Appeal from the District Court of the United States for the Eastern District of New York.

This is an appeal from an order of the District Court entered December 26, 1913, fixing the compensation of James A. Allen, as solicitor

for the American Steel Barrel Company and Elizabeth .C. Seaman in certain bankruptcy proceedings in that court.   Modified and affirmed.

The proceedings were commenced in April, 1911, by the filing of a petition in the Eastern District of New York against the Iron Clad Manufacturing Company, a corporation in which Elizabeth C. Seaman was largely interested. Shortly thereafter the receiver of the Iron Clad Manufacturing Company applied to the court for an order "extending the receivership" to property in the possession of the American Steel Barrel Company, which application was still in the court when the order of December 26th was made.   Allen appeared for the American Steel Barrel Company and represented it until relieved in February, 1913.   Elizabeth C. Seaman also employed Allen to oppose the adjudication in bankruptcy of the Iron Clad Manufacturing Company because of her interest in that company, and he did represent it until it was adjudicated, and indeed upon an appeal later.   Meanwhile, Elizabeth C. Seaman was also being examined under section 21a of the Bankruptcy Act, and was the object of certain contempt proceedings, in which she was fined by two orders, from one of which an appeal was taken.   There were also several incidental proceedings, not necessary to mention, between the receiver of the Iron Clad Manufacturing Company on the one hand and of the American Steel Barrel Company and Elizabeth C. Seaman on the other, in which Allen, represented one or both.

On January 27, 1913, the American Steel Barrel Company and Elizabeth C. Seaman, the respondents here, served notice on Allen by way of order to show cause why another solicitor should not be substituted.   On February 6, 1913, Judge Mayer directed the American Steel Barrel Company to give bond for $10,000 and Elizabeth C. Seaman to give an undertaking in like amount, and that thereupon a new solicitor should be substituted.   The total security under both obligations was to be only $10,000; Allen having been paid $3,400. Allen was thereupon directed to deliver to the substituted solicitor enough of the papers in his hands to enable him to continue the litigation; his own lien, however, being preserved.   Judge Mayer resettled this order on February 15, 1913, so as to provide that Elizabeth C. Seaman should pay down $1,000, and the American Steel Barrel Company should execute a mortgage of $10,000 as a security for Allen's eventual fees, to be determined; the papers to be meanwhile delivered, as before, to the substituted solicitor.   It may be noted that on February 11, 1913, the order of February 6th had been already once resettled; but, as this was superseded by the order of February 15, 1913, it need not be set forth.

Judge Mayer heard testimony regarding the amount of the fees in October and November, 1913, and fixed Allen's fees at $12,500, with a contingent addition of $5,000.   This sum he apportioned, $6,500 against Elizabeth C. Seaman and $6,000 against the American Steel Barrel Company, and Allen was allowed to hold all the papers remaining in his hands until the payment of the sums so fixed.   It is this order only from which Allen appeals.

See, also, 194 Fed. 906.

Roger Foster, of New York City, for appellant.

Harold Nathan, of New York City, for appellees.

Before COXE and ROGERS, Circuit Judges, and HAND, District Judge.

HAND, District Judge (after stating the facts as above).   The only basis for the jurisdiction of the District Court was the necessity for an order substituting a new solicitor for the two parties in the bankruptcy proceedings in place of Allen.   As he had at common law a possessory lien, it became necessary as an incident to that power to determine the amount of the lien; but that was all that the District Court could do.   The consent of Mrs. Seaman and the American Steel Bar-

rel Company to have the general liability determined in personam by the bankruptcy court, although actually given, could not serve to confer jurisdiction over the subject-matter upon the court, and the statute gives no such jurisdiction. The District Court directed the American Steel Barrel Company to give a mortgage on its assets to secure Allen for the sums due him from it, subsequently found to be $2,600, and it directed Elizabeth C. Seaman to pay down $1,000, but gave Allen no security as against her for the balance, afterwards found to be $4,500.

Three questions arise: First, the proper value of Allen's services; second, the distribution of the amount between Elizabeth C. Seaman and the American Steel Barrel Company; third, the propriety of the provisions directing the turning over of the papers to Elizabeth C. Seaman without security.

[1] As to the value of the services, we are not disposed to disturb the decision of Judge Mayer. No doubt this court will in cases of clear error change the amount of an attorney's allowance, but the error must be of the plainest. Especially should this be true where, as here, the proceedings were largely taken before the same judge, who became familiar with the details of the proceedings in an intimate sense that we cannot.

It is very hard to see how the proceedings in the case could with propriety so long be dragged on. Judge Mayer in his opinion suggests that the plan was deliberately to tire out the other side by delay, and there is enough in the record to justify such a conclusion. Indeed, it was even suggested at the bar of this court, though afterwards withdrawn, that it was an element for consideration in fixing an allowance that through a period of over a year, while this matter was in litigation, Elizabeth C. Seaman had been able to draw a monthly salary of $1,000 from the American Steel Barrel Company. The bar, of course, understands that, whatever a solicitor may get from clients as a return for delaying legal proceedings and wearying his antagonists, he must get it without the help of courts, who do not recognize in such services any basis whatever for a legal obligation. The courts are open to decide causes, not to obstruct them.

Nor are we impressed with the justice of some of the items. For example, we find on March 22, 1912, most of the day was spent drafting a proposed order denying the motion to extend the receivership, a most inordinate time, even if equity rule 71 against recitals be disregarded. Again, take the time expended in examining authorities regarding the "extension of the receivership," no doubt a confused matter, but not one in which all the authorities of the least consequence number more than 15 or 20: June 16, 1911 (all the evening), June 18, June 19, June 21, June 22, June 25 (from 10:30 till 5:30). Again, the appellant took all of December 5, one-half of December 6, and nearly four hours of December 8, 1911, on the authorities as to right to appeal from the order of this court reversing Judge Chatfield.

These are, of course, not considerations adequate alone to use as the basis of fixing the amount; but they are significant as justification of the award actually made. It is not our duty to make the award, but to see whether it was within the bounds of reasonable judgment. The

opinions of experts upon questions of value are notoriously divergent, and the Supreme Court has particularly said that they are not conclusive. The Conqueror, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937. Perhaps on the question of lawyers' fees the divergence is greater than anywhere else. It would be preposterous to require a court, itself as good an expert as the witnesses, to accept their conclusions. In the case at bar we have made a detailed examination of the time spent, and find that the allowance appears to be at a rate in the neighborhood of $60 a day, or a gross income of $16,000 a year. Certainly we are not willing to say that this is below the limit which a fair man might think adequate compensation for an ordinary solicitor engaged upon such work. We have nothing in the record to indicate that the appellant had attained a position at the bar which made it reasonable to expect that his charges would, or should, be out of the ordinary.

The next question is the distribution of the amount. It may well be that Elizabeth C. Seaman is responsible in solido; on that we do not pass, because here we have only a question of lien. Clearly the appellant may not hold the papers of the American Steel Barrel Company for work done for the Iron Clad Manufacturing Company, nor upon the contempt proceedings, nor upon the examinations of Elizabeth C. Seaman, under section 21a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]). It is impossible to tell with certainty just how the value of these services bears on the work done for the American Steel Barrel Company itself; but the division already made we will not disturb.

[2] The last question is of the protection of Allen's lien. The order will be that if the American Steel Barrel Company does not give a valid mortgage for $2,600, with interest, within ten days, they must return all papers to Allen which he delivered under the three orders of February, 1913, and that if Elizabeth C. Seaman does not within the same period pay her share, $5,500, with interest, she must redeliver all papers to Allen which he delivered, the same to be held in each case upon his solicitor's lien. A possible question might arise as to the appellant's right to hold the papers of Elizabeth C. Seaman upon a lien, not only of $5,500 due from her, but of $2,600 in addition, due from the American Steel Barrel Company. This would depend upon the liability of Elizabeth C. Seaman for the services rendered to the American Steel Barrel Company, thus collaterally raising the very question which we have declined to pass upon. In view of the fact that in any event we decline to do more here than fix the amount of the lien, we do not anticipate that this question will be raised.

As thus modified, the order is affirmed, without costs.