## HOLLAND et al. v. McILWAINE et al.

### In re NORFOLK WIRE CLOTH & WIRE FENCE MFG. CO., Inc.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1915.)

#### No. 1315.

BANKRUPTCY ☞482—ATTORNEY'S FEES—ALLOWANCE—STATUTORY PROVISIONS.

Under Bankr. Act July 1, 1898, c. 541, § 72, added by Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 (Comp. St. 1913, § 9656), providing that neither the referee, receiver, marshal, nor trustee in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized in the act, trustees in bankruptcy may not recover for legal services performed for creditors petitioning for adjudication, or for the bankrupt, since one who accepts the position of trustee of a bankrupt's estate renounces the right to compensation in any other form or guise, and all services rendered must be referred to his position as trustee, and they may recover only for services properly chargeable against the estate rendered prior to their appointment as trustees.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897 ; Dec. Dig. ☞482.]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of the bankruptcy of Norfolk Wire Cloth & Wire Fence Manufacturing Company. Petition by Franklin Holland and J. Monroe Holland, copartners trading as the Holland Manufacturing Company, creditors of the bankrupt, against Richard McIlwaine, Jr., Thomas H. Willcox, and Harry K. Wolcott, individually and as trustees in bankruptcy, and others, to superintend and revise in matter of law proceedings of the District Court. Petition granted, with directions.

E. C. Carrington and Wm. Ewin Bonn, both of Baltimore, Md., for petitioners.

D. Lawrence Groner, of Norfolk, Va., for respondents.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

WOODS, Circuit Judge. This petition to superintend and revise, filed by Holland Manufacturing Company, a creditor of the bankrupt Norfolk Wire Cloth & Wire Fence Manufacturing Company, is directed against the allowance of fees of $2,000 to Richard McIlwaine, Jr., attorney for petitioning creditors, and $1,250 to Thomas H. Willcox, attorney for the bankrupt. The objections made to the other charges were abandoned.

Three creditors having filed their petition against the corporation on 13th of May, 1913, it admitted its insolvency and its willingness to be

adjudged a bankrupt, and the adjudication was made May 30, 1913. In the meantime on May 20, 1913, a receiver had been appointed to take charge of the property. At the first meeting of the creditors on July 30, 1913, Richard McIlwaine, Jr., Thomas H. Willcox, and Harry K. Wolcott were elected trustees of the estate. The trustees were allowed as such their commissions of $866 according to law. The allowance to Mr. Willcox and Mr. McIlwaine as attorneys were for services rendered in the main after their appointment as trustees. Section 72 of the Bankruptcy Act provides:

"That neither the referee, receiver, marshall, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act."

The argument that the services performed as attorneys did not fall within the duties of trustees, and therefore the allowance was permissible under the statute, because not made to them in their capacity as trustees, seems to be unsound. The statute. is very stringent, and was intended to cut up the abuses which had crept into the practice of allowing charges made by officers and trustees under the guise of services performed beyond those imposed on them by law. Looking at the history and terms of the law, it is manifest that to allow these charges would be to so stretch it as to defeat its purpose by opening the door of the court's discretion which the statute was intended to close. We do not doubt that the professional services rendered in this case were of value to the estate, and it is a hardship that no compensation is to be received; but the statute denies the court the power to bestow it. When one accepts the position of trustee of a bankrupt estate, he renounces the right to compensation in any other form or guise. All services rendered must be referred to his position as trustee.

The petition is granted, with directions to the District Court to disallow the attorney's fees of $2,000 to Richard M. McIlwaine, Jr., and $1,250 to Thomas H. Willcox, with leave to them to move the District Court for an allowance for services properly chargeable against the estate rendered prior to their appointment as trustees.

Reversed