# IN THE MATTER OF IGNACIO DI CRISTINA, Bankrupt.

San Juan, Bankruptcy, No. 511.

Opinion filed January 24, 1924.

*Messrs. Benet & Souffront* for bankrupt.

No appearance for creditors.

ODLIN, Judge, delivered the following opinion:

This case is that of a voluntary petition in bankruptcy. The referee has submitted all the papers in this case to the court, and it appears that on November 16, 1923, the bankrupt offered a composition to pay 5 per cent to all of his creditors except those entitled to priority, said payment to oe made one year after the composition should be approved; but this offer of

course to be effective on the examination of the bankrupt in open court, as provided by the Bankruptcy Law of 1898. The referee certifies to me that this examination has been had, and that all of the creditors have signed their acceptance of the composition, for which reason the referee recommends that the same be approved by this court.

On examination of the papers, it seemed to me at first that this ridiculously small offer, even though accepted by the creditors, should be disapproved. The debts of the bankrupt amount to nearly $19,000, 5 per cent of which would be about $950. There are listed in the schedules of the bankrupt debts due the bankrupt amounting to $18,468. It seems to me incredible that these claims should not yield much more than $950, because if such be the case then nearly all these debtors of the bankrupt, twenty-eight in number, would be themselves virtually bankrupt. I find, however, a decision by United States District Judge Morton, rendered October 31, 1921, in the case of Re Crosby, reported in 275 Fed. 880. Judge Morton distinctly holds that if the creditors do not see fit to appear and protect their interests after being duly notified of pendency of offer in compromise, no evident fraud being practised, the court ought not to refuse approval of the composition, notwithstanding a report of the referee, under the Bankruptcy Act, § 12 b, in which the referee states that in his opinion the composition is not in the best interests of the creditors.

It will be noticed that the case in Boston decided by Judge Morton is much stronger than the case pending before me for decision at this time. In the Boston case the creditors simply remained inactive; they neither approved nor disapproved the offer of composition. But in the present case, which I am

called upon to decide, the creditors have specifically accepted this apparently ridiculous offer of 5 per cent.

Following the reasoning of Judge Morton, there being no evidence of fraud, I am obliged to hold that the court of its own motion ought not to refuse approval of the composition. The court must entertain the presumption, as suggested by Judge Morton, that these creditors of the bankrupt have sufficient and proper reason for their action.

Therefore the offer of composition is not disapproved by me, and matter set for hearing at San Juan, 9 A. M., February 9, 1924.

Done and Ordered in open court at San Juan, Porto Rico, this 24th day of January, 1924.