In re CONSOLIDATED FACTORS CORPORATION.

Appeal of QUINTAL et al.

No. 346.

Circuit Court of Appeals, Second Circuit.

June 6, 1932.

SWAN, Circuit Judge, dissenting in part.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Burgess Osterhout and John W. Simpson, 2d, both of New York City, of counsel), for trustees-appellants.

Milbank, Tweed, Hope & Webb, of New York City, and William M. Evarts and John G. Clancy, both of New York City, for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal is from an order in the bankruptcy court granting Messrs. Milbank,

Tweed, Hope & Webb, an allowance of $7,-500 for their services as attorneys for the petitioning creditors, and $707.22 as their disbursements. The court below overruled the referee who made an allowance to them as attorneys for the petitioning creditors in the sum of $950, together with their disbursements.

The services rendered were (a) obtaining adjudication; (b) opposing the appointment of a receiver; and (c) protecting and liquidating assets during the interim between the filing of the petition and the election of the trustees.

The principal creditors, to whom 97 per cent. of the total indebtedness was due, were large banking institutions in the city of New York. As found by the referee, it was in behalf of these creditors that "the petitioners' investigated the financial condition of the bankrupt and possible acts of bankruptcy, prepared and filed the petition, studied the answer, moved the issues for hearing, prepared for hearing on the issues, had various conferences with the attorneys for the bankrupt and its Board of Directors resulting in the withdrawal of the answer and the consent to adjudication. * * *"

█ The services of attorneys for petitioning creditors may be compensated for as provided by section 64b (3) of the Bankruptcy Act, 11 USCA § 104 (b) (3). The allowance, however, must be confined to services actually rendered in preparing and filing the petition and prosecuting it to an adjudication of bankruptcy. In Re Consolidated Distributors, 298 F. 859, 863, this court said: "When an adjudication has been obtained, the bankrupt's estate passes under the control and jurisdiction of the court and its officers. Thereafter there is no necessity and no opportunity for the attorneys of the creditors to render actual service to the estate." See, also, In re Eureka Upholstering Co., 48 F. (2d) 95 (C. C. A. 2); In re Curtis, 100 F. 784 (C. C. A. 7).

Mr. Dannenberg, before the election of the trustees, was retained as associate counsel by the appellees to conduct the examination of the officers of the bankrupt under section 21a of the Bankruptcy Act, 11 USCA § 44 (a). He performed such services. When retained on May 31, 1930, he agreed in writing to share the fee or allowance made with the appellees. Adjudication, which had been contested, was ordered June 12, 1930. Mr. Dannenberg was elected a trustee with two others on July 15, 1930. The agreement between Mr. Dannenberg and the petitioners provided that disclosure thereof should be made to the court on any application for an allowance. General Order XLII (11 USCA § 53) refers to a petition for an allowance and provides in part: "And such petition shall be accompanied by an affidavit of the applicant stating that no agreement has been made, directly or indirectly, and that no understanding exists, for a division of fees between the applicant and the receiver, the trustee, the bankrupt, or the attorney of any of them. In the absence of such petition and affidavit no allowance of compensation shall be made."

█ It was impossible for the appellees, when they made the application, after Mr. Dannenberg had been appointed trustee, to say that they were not sharing by agreement any division of fees. This General Order was promulgated by the Supreme Court, April 13, 1925 (267 U. S. 613), and was effective and prohibitory with respect to the appellees' application for allowance. Weil v. Neary, 278 U. S. 160, 49 S. Ct. 144, 73 L. Ed. 243. In the absence of an affidavit truthfully stating that no agreement had been made, directly or indirectly, and that no understanding existed, for the division of fees between the appellees and any or all of the trustees, the allowance below should not have been made. This applied to the services rendered as attorneys for the petitioning creditors. For services rendered after the adjudication, they could not be compensated. The purpose of General Order XLII, was to require all receivers and trustees in bankruptcy, who represent the estate for the benefit of creditors, to be free from all engagements as attorneys for petitioning creditors before they accept the office of receiver or trustee. The reasons for the rule need not be repeated. They are fully stated in Weil v. Neary, supra. Therefore the application of the appellees for an allowance for services after the appointment of Mr. Dannenberg as trustee, in view of their agreement with him, should have been disallowed. Weil v. Neary, supra; Holland v. McIlwaine, 223 F. 777 (C. C. A. 4).

█ The rule, however, does not forbid the allowance of disbursements incurred by appellees as attorneys for the petitioning creditors. Its restriction applies to services only.

The order below will be reversed, and an order may be entered allowing for the disbursements incurred as attorneys for the petitioning creditors, the amount to be determined below unless otherwise agreed upon.

Order reversed.

SWAN, Circuit Judge (dissenting in part).

The referee divided the appellees' services into the three subdivisions mentioned in the majority opinion: (a) Obtaining adjudication; (b) opposing the appointment of a receiver; and (c) protecting and liquidating assets during the interim between the filing of the petition and the election of trustees. He found the value of services classified as (a) to be $950, and the disbursements connected with such services to be $103.14. This item for disbursements the referee allowed, but he refused to allow a fee for the (a) services because of a supposed violation of General Order XLII (11 USCA § 53). No appraisal of the value of the (b) and (c) services was made by the referee because he conceived that section 64b (3) of the Bankruptcy Act as amended (44 Stat. 667, 11 USCA § 104 (b) (3) precluded any allowance for them. Disbursements in connection with the (b) and (c) services were the following:

Services of special master under section 21a ......................$165.00
Stenographer for taking minutes under section 21a ................ 404.10
Services of subpœnas, subpœna fees, photostatic copies of records ..... 34.98
                                        ————
                                      $604.08

None of these was allowed, although the referee found that the minutes of these examinations were turned over to the trustees and their attorneys and used by them to the advantage of the estate. The District Court modified the referee's order by allowing the appellees "for all services prior to the election of the trustees" the sum of $7,500, and their disbursements of $707.22.

I agree with the majority of the court that it was error to make an allowance for the (b) and (c) services. However meritorious the appellees' conduct in avoiding for the estate the expense of a receiver, and however beneficial their services in performing work for which the attorney for a receiver might have received an allowance, the Bankruptcy Act precludes an allowance for such services to the attorneys of the petitioning creditors.

But I cannot agree that General Order XLII (11 USCA § 53) should be so interpreted as to forfeit their allowance for services of class (a). The agreement with Mr. Dannenberg was made on May 31, 1930, long before he became one of the trustees in bankruptcy. It provided that "If, as and when there shall be allowed out of the estate in bankruptcy to Murray, Aldrich & Webb as attorneys for the petitioning creditors, an allowance or compensation for the work involved in the examinations under Section 21a conducted by them or in their name before the election of the trustees in bankruptcy, then out of such allowance made on such basis, Mr. Dannenberg will receive from Murray, Aldrich & Webb, so much thereof as in the entire discretion of Murray, Aldrich & Webb seems proper in compensation for such services as Mr. Dannenberg may have rendered to the estate in conducting examinations under 21a before the election of the trustees in bankruptcy. In the making of any application for any such allowance, the provisions of this paragraph shall be fully disclosed to the Court."

Mr. Dannenberg's services covered the period from April 29 to June 10, 1930. They were completed before the adjudication and more than a month before he was elected a trustee on July 15th. When the agreement was made, Mr. Dannenberg was not a trustee, nor did the appellees know he would become a trustee. It was a lawful agreement when made, and disclosure of it to the court was agreed upon. Had the appellees filed their application for compensation for obtaining adjudication at the time when these services were completed, they could have made an affidavit in full conformity with the General Order. The accidental circumstance that thereafter Mr. Dannenberg became a trustee might conceivably preclude him from receiving any allowance out of the estate other than his fees as trustee [see Holland v. McIlwaine, 223 F. 777 (C. C. A. 4)], but how his acceptance of the trusteeship can render the appellees' conduct reprehensible, or why it should result in a forfeiture of their right already accrued, I fail to see. If Mr. Dannenberg must forego fees for his prior services (which is merely suggested without expressing an opinion that either Order XLII [11 USCA § 53] or section 72 of the act [11 USCA § 112] so requires), this fact might reduce the amount of compensation allowable to the appellees, since perhaps they could claim nothing for work he had done on their behalf; but to hold that they cannot recover anything, even for their own services rendered wholly independently of Mr. Dannenberg, seems to me a harsh and unreasonable interpretation of the order. I cannot believe it was intended to accomplish such a result, nor is any purpose suggested which would be served by the establishment of such an interpretation. In my opinion the order

is aimed at preventing an agreement for a division of fees with one who is a trustee at the time when the agreement is made.

The disbursements incurred in the examinations under section 21a (11 USCA § 44 (a) have inured to the benefit of the estate. The trustees have taken and used these minutes. Therefore I think these disbursements may properly be allowed as a cost of administration.

For the foregoing reasons I think the order should be reversed and the cause remanded, with instructions to allow all of appellees' disbursements and a reasonable fee for their services as attorneys for the petitioning creditors in obtaining adjudication.