**In re HONIG, MYERS & CO., Inc.**

**No. 32149.**

District Court, E. D. New York.

Feb. 28, 1938.

Maxwell M. Schenkel, of New York City, for petitioner.

Louis S. Midler and Alvin A. Licht, both of New York City, for petitioning creditors.

MOSCOWITZ, District Judge.

This is a hearing on the report of· the referee recommending an allowance to Louis S. Midler and· Alvin A. Licht, attorneys for petitioning creditors.

The net amount of this estate is $3,012.-47. The referee recommends an allowance

888

to the attorneys for the petitioning creditors in the sum of $325. The services reported by the referee are as follows:

"The bankrupt made an assignment for the benefit of its creditors. The creditors thereafter met and were advised by the attorneys for the petitioning creditors as to the condition of the debtor. Thereupon the creditors requested the filing of the involuntary petition herein. Thereafter another meeting was held to discuss the advisability of allowing the Assignee to sell the assets. The petitioners advised the District Court of the wishes of the creditors and the sale was held by the assignee. At the instance of the creditors, the petitioners carefully inventoried the assets, had same appraised and attended the sale, keeping an accurate account of all that transpired. Upon petitioners' report, the sale was approved by the District Court.

"There being many matters about the bankrupt's business that required investigation, the petitioners prepared a petition and order for a 21-a examination of the bankrupt and its officers and conducted four hearings before the Commissioner. In the course of this work the petitioners examined the books and accounts of the bankrupt. They prepared and filed the involuntary petition herein and assisted in the examination of the bankrupt and its officers before the Referee. They have performed many services which have materially assisted in getting the administration of this estate under way."

Attorneys for petitioning creditors cannot be compensated for all the services rendered between the time of the filing of the petition and the election of a trustee. Such attorneys may only be paid out of the estate for filing the petition and prosecuting it to adjudication. In re Consolidated Factors Corporation, 2 Cir., 59 F.2d 193, 194, the court stated: "The services of attorneys for petitioning creditors may be compensated for as provided by section 64b (3) of the Bankruptcy Act, 11 U.S.C.A. § 104 (b) (3). The allowance, however, must be confined to services actually rendered in preparing and filing the petition and prosecuting it to an adjudication of bankruptcy. In re Consolidated Distributors, 298 F. 859, 863, this court said: 'When an adjudication has been obtained, the bankrupt's estate passes under the control and jurisdiction of the court and its officers. Thereafter there is no necessity and no opportunity for the attorneys of the creditors to render actual service to the estate.' See, also, In re Eureka Upholstering Co., 48 F.2d 95 (C.C.A.2); In re Curtis, 100 F. 784 (C.C.A.7)."

This application for fees for the attorneys for the petitioning creditors will be referred back to the referee to hear and report thereon.

Nothing can be allowed the accountant for services rendered by him at the request of the trustee, as my attention has not been called to any order authorizing the services of an accountant as is required by rule 5 of the Bankruptcy Rules of this court.