## In re SOVEREIGN CORPORATION.

### No. 7162.

Circuit Court of Appeals, Seventh Circuit.

Dec. 28, 1939.

1014

A. L. Skolnik, of Milwaukee, Wis., for petitioner.

No counsel for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

### PER CURIAM.

This is a petition for leave to appeal by Sovereign Apartments, Inc., a corporation organized as the result of a proceeding under the amended Bankruptcy Act of June 22, 1938, known as the Chandler Act, 11 U.S.C.A. § 1 et seq. The matter sought to be reviewed is the order of the District Court allowing the respondents, Paul J. O'Brien, trustee, the sum of $7,850 for services rendered in said proceeding, and Wood, Warner and Tyrrell, attorneys for the trustee, the sum of $7,500, on the ground that both of said allowances are excessive.

The property involved was a large apartment building in the City of Milwaukee and, at the time of the commencement of the proceedings, had an outstanding first mortgage bond issue of $574,600, a second

mortgage bond issue of $146,000, and other outstanding indebtedness which, together with interest, amounted to something over a million dollars. The fair, market value of the property was found by the court to be $478,100. The trustee was appointed on December 5, 1938, and the order appealed from was entered November 13, 1939. The petition and answer thereto contain a rather detailed history of the proceedings which we do not deem necessary to relate. Respondents and others filed a claim for services rendered. The court directed counsel for the Securities and Exchange Commission, which had been made a party to the proceedings, to investigate and report upon the reasonableness of the claims made, including those of respondents. A hearing was had in court at which counsel for the Commission reported that the amounts claimed were reasonable. The court reduced the claim of the trustee and the claim of the attorneys for the trustee, however, to the extent of $1,000 each. All the proceedings in the matter were had before the court. In making the allowances complained of, the court rendered an opinion in which the services rendered by the trustee and his counsel were stressed. The court stated: "The trustee and counsel for the trustee took the initiative in solving the complex problems presented by this reorganization."

Under Paragraph 650, Title 11 U.S.C.A., as construed by this court in Re Albert Dickinson Co., 7 Cir., 104 F.2d 771, an appeal is allowable in the discretion of this court. See our rule 31(6). We also recognize in this case that our discretion should not be exercised in favor of an appeal except where it appears there has been an abuse of discretion on the part of the lower court in determining the amount of fees allowable.

In the instant situation, there is no such showing. The court was familiar with all the proceedings and allowed each of the respondents $1,000 less than the amounts claimed. The Securities and Exchange Commission had investigated and reported the claims as reasonable. If the appeal were allowed, we would not be permitted to determine the reasonableness of the fees but only as to whether or not there had been an abuse of discretion by the lower court in fixing the amounts. Being convinced there was no such abuse, the allowance of the appeal could serve no useful purpose. The appeal is therefore denied.