**FEDERAL LAND BANK OF NEW ORLEANS, LA., v. SEARCY, Conciliation Com'r.**

**No. 9216.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 30, 1940.

T. H. Hedgepeth, of New Orleans, La., for appellant.

No appearance was entered for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal presents an issue as to the right of a conciliation commissioner to deduct from the rental paid into his hands, under the provisions of paragraph (2) of subsection s of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s(2), the following fees; $35 for himself; $10 for the referee; $3 each for three appraisers; total $54. The facts are in the record upon a stipulation of the parties.

The debtor, having failed to secure the acceptance of his offer of composition by a majority of his creditors, amended his petition as provided in said subsection s, and was duly adjudged a bankrupt. The appraisers valued the debtor's farm at $5,229.02. On October 3, 1936, the conciliation commissioner fixed $375 as a reasonable annual rental therefor, payable on October 15th of each year during the pendency of this proceeding.

The rent was duly paid for the years 1936 and 1937, but was not paid when due in 1938. As a result, the appellant and one other creditor filed petitions to be permitted to foreclose their deeds of trust. These petitions were granted, thereby disposing of all of the debtor's assets, except the 1936, 1937, and 1938 crops. In the meantime, the 1938 rental was paid by the debtor to the conciliation commissioner, from which the latter deducted the aforesaid fees. The balance of the 1938 rental, after deducting the $54, was paid to the appellant upon the condition that it would be applied, first, in payment of the 1938 taxes; second, to reduce the first mortgage of appellant. The district court upheld the deductions on the

ground that the services were rendered for the benefit of the mortgagee as well as the mortgagor, and that the payments were for upkeep of the property within the meaning of paragraph (2) of said subsection s. We think the issue is settled to the contrary by the statute, which provides that such rental shall be paid into court to be used, first, for payment of taxes and upkeep of the property, and the remainder to be distributed among the creditors and applied on their claims as their interests may appear.[1]

The fees of the referee, appraisers, and conciliation commissioner should be charged against the bankrupt's estate.[2] The words rental and estate are intended to designate distinct sources of payments. Taxes, upkeep, and the debt secured by the property have the first claims on the rental. The fees in controversy were not expended for upkeep of the property. Words in common use should be given their usual and ordinary meanings. Applying this rule and considering the separate sources of payments for upkeep and administration costs provided in the act itself, we think these fees should not have been deducted from the rental payment.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] Paragraph (2) of subsection s of section 75 of the Bankruptcy Act, 11 U. S.C.A. § 203, sub. s2.

[2] Paragraph (4) of said subsection s, 11 U.S.C.A. § 203, sub. s, (4). See, also 11 U.S.C.A. §§ 68 and 76.