## In re DURST.

### No. 179.

District Court, S. D. Iowa, Central Division.
March 10, 1942.

W. F. Moore, of Guthrie Center, Iowa, for debtor.

Don C. Young, of Omaha, Neb., for Federal Land Bank of Omaha.

H. E. Newton, Conciliation Commissioner; of Stuart, Iowa, appeared unofficially for the trustee at the hearing.

DEWEY, District Judge.

This matter comes on for hearing on a petition to review an order of the conciliation commissioner acting as a referee, dated February 11, 1942, confirming a report of Jane Scholl, as Trustee, wherein certain fees allowed by the Trustee for her services and expenses; the fees and expenses of the referee; and the fees of the appraisers, were ordered paid out of funds in the hands of the Trustee.

These funds in the hands of the trustee from which these payments were ordered paid by the order on which the review is asked came from two sources:

1st. $3,600 paid by the debtor in paying off the lien of the objecting creditor. The Federal Land Bank of Omaha, of a mortgage on the bankrupt's real estate; and

2nd. A balance of $782.44 received from rents on the real estate during the pendency of the proceedings and after a stay order had been entered under the provisions of subsection s of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s.

It is the claim of the secured creditor that such fees and expenses cannot be allowed under the provisions of Section 75 of the Bankruptcy Act from these proceeds.

A provision of said subsection s of Section 75 provides that: "The conciliation commissioner, as such referee, shall receive such an additional fee for his services as may be allowed by the court, not to exceed $35 in any case, to be paid out of the bankrupt's estate. No additional fees or costs of administration or supervision of any kind shall be charged to the farmer debtor when or after he amends his petition or answer, asking to be adjudged a bankrupt, under this subsection, but all such additional filing fees or costs of administration or supervision shall be charged against the bankrupt's estate."

The important question to the objecting creditor is whether the funds in the hands of the trustee for distribution are part of the bankrupt's estate, as Section 75 clearly states that such fees and expenses shall be paid out of the bankrupt's estate and makes no provision for payment out of any other fund.

It is difficult to see how these fees and expenses can be charged against the fund which was paid by the farmer debtor to release the lien of the mortgage on his land and which was done by the payment of

488

the appraised value under the terms and provisions of the act.

■ While under the general bankruptcy act real property encumbered by a mortgage passes to the trustee, it so passes subject to the lien of the mortgage creditor. Section 1214 Remington on Bankruptcy. And the provisions of Section 75, sub. s, specifically provide that: "* * * the debtor's property shall remain in the debtor * * * subject to all existing mortgages * * *. All such existing mortgages, * * * or encumbrances shall remain in full force and effect, and the property covered by such mortgages, * * * or encumbrances shall be subject to the payment of the claims of the secured creditors, as their interests may appear." Sec. 75, sub. s (1). And this provision was noted by the Supreme Court of the United States in upholding the constitutionality of the Act. Wright v. Vinton Branch, 300 U.S. 440, 458, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

■ In other words, the property passes but the lien is not to be affected. Payment by the bankrupt to a secured creditor of the amount of the appraised value of the property is not a redemption but a payment of the lien. Such payment in no sense can be considered a part of the bankrupt's estate. The ownership of the lien was never in the bankrupt nor did it pass to the bankruptcy court as a part of the bankrupt's property. The lien at all times existed, at least to the value of the land, and its payment neither increased nor diminished the bankrupt's estate. While the property may be sold free and clear of liens, in such event, the liens are transferred to the proceeds of the sale of the property. Congress has no power under the bankruptcy clause to modify or impair the interests of the mortgagee. Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island P. Ry., 294 U.S. 648, 676, 55 S.Ct. 595, 79 L.Ed. 1110.

■ The fund therefore held by the trustee of the amounts paid her by the bankrupt to pay off the lien of the mortgage held by the Federal Land Bank of Omaha is not a part of the bankrupt's estate and is not subject to the payment of any of the fees and expenses allowed by the referee. Nor is the fund derived from the rentals of the real estate subject to the payment of such fees and expenses. Federal Land Bank v. Searcy, 5 Cir., 109 F.2d 418.

■ Other questions are raised by the petition for review, but as these funds will have to be paid in their entirety, except taxes, to the secured creditor, the decision of them is not material. However, it is a little difficult to understand why the commissioner as referee made a claim for one percent. on the amount to be paid to creditors for his fees instead of the $35 provided by Section 75, which is to be paid to the commissioner as such referee in full for his services in such cases. The payment of the one per cent. to referees has to do with the fees of referees in general bankruptcy cases but not to the fees of the referee in administering an estate under Section 75.

It will be noted that the provisions of Section 75, sub. s, above quoted make a distinction regarding the payment of the $35 fee and additional fees. Both payments are required to be made from the bankrupt's estate, but a provision is added that the payments of the additional fees referred to are not chargeable personally to the bankrupt. This may be because under the general bankruptcy act certain fees have been permitted to be taxed against the bankrupt himself in personam. See Section 2631, Vol. 6, Remington on Bankruptcy.

The commissioner-referee complains that unless these fees are payable by the secured creditor they cannot be recovered as there are no other assets in the hands of the trustee for that purpose. It must be remembered that all of the property of the bankrupt other than his exempt property came into the hands of the court and there must be some property other than exempt property owned by the farmer which can be reached for these fees.

■ The question is also raised as to whether a trustee should have been appointed. The act provides only for the appointment of a trustee in the event it is necessary to sell the farmer's property, which condition did not exist in this case. However, I would not say, as presently advised, that a trustee might not be appointed under other circumstances, but I am clear that he cannot be appointed to perform duties directly or impliedly to be performed by the commissioner under the provisions of the act and to be paid compensation for such services. It may be that the present situation demands that suit be brought against the bankrupt or some of his property for the recovery of these fees and in

such event the appointment of a trustee would seem to be the only method in which a suit could be instituted and maintained. It follows that the order upon which the review is asked must be set aside and the trustee authorized and directed to pay all the funds in her hands to the secured creditor. The Clerk will therefore enter the following order:

The above entitled matter coming on for hearing at Des Moines, Iowa, on a petition by the Federal Land Bank of Omaha to review an order of the conciliation commissioner acting as referee, dated February 11, 1942, providing for the payment of the fees and expenses of administration out of the funds in the hands of the trustee, and being considered the court finds that the petition for review should be and the same is hereby sustained, the order set aside and the commissioner and trustee authorized and directed to pay the entire fund in their hands, less taxes, to the Federal Land Bank of Omaha, the secured creditor. To all of which the debtor bankrupt excepts.