E. W. JOHNSON, J. Hertz Brown, and C. C. Moore, Petitioning Claimants, Appellants,

v.

CAROLINA SCENIC STAGES, Respondent, Appellee.

In The Matter of CAROLINA SCENIC STAGES, Debtor.

No. 7359.

United States Court of Appeals. Fourth Circuit.

Argued Jan. 25, 1957.

Decided March 7, 1957.

**264**

Howard Carlisle Bean, Spartanburg, S. C. (Carlisle, Brown & Carlisle, E. W. Johnson and Charles C. Moore, Spartanburg, S. C., on the brief), for appellants.

J. Nat Hamrick, Rutherfordton, N. C. (Thomas A. Wofford, Greenville, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and GILLIAM, District Judge.

GILLIAM, District Judge.

This appeal was taken by petitioners from an order of the District Judge, allowing them only $1,250 for services in filing a petition in bankruptcy against the Debtor under Chapter 10, 11 U.S.C.A. § 501 et seq. They filed petitions for an allowance of $15,000, and the Referee recommended an allowance of $6,000. Judge Timmerman's order concludes: "The recommended fee is excessive. However, claimants are entitled to something from the estate. In the light of all the circumstances, considering the size of the estate and the number of creditors, a reasonable fee would be $1,250. Let claimants be paid $1,250." Claimants here insist that the District Judge erred in "holding that a reasonable fee is $1,250, and in failing to hold that the sum of $15,000, is a reasonable fee;" and in the alternative, that he erred "in failing to approve the fee of $6,000, recommended by the Referee." It is conceded that under Title 11 U.S.C.A. § 641(5), the District Judge was authorized to allow petitioners a reasonable fee for filing the petition and necessarily the amount of such fee had to be left to his discretion. We come then to the question of whether we should in effect ignore the opinion of Judge Timmerman and substitute our own. In answering, we obviously should bear in mind that he presided over the entire rather lengthy litigation involved in the Chapter 10 proceedings.

There are numerous cases holding that in such a situation the compensation found by the trial Judge to be reasonable should not be disturbed unless it is made to appear that he abused his discretion or that he arrived at his conclusion by way of an erroneous view of the applicable legal principles.

In Calhoun v. Stratton, 6 Cir., 61 F.2d 302, at page 303, the opinion sets forth: "Attorney fees cannot be fixed with mathematical certainty. They are to be determined in the exercise of judicial discretion. We cannot interfere unless there has been a clear abuse of discretion or an obvious mistake of law * * *" at page 304. "The statement of evidence embraces the opinion of eminent attorneys that the allowance to attorneys should have been larger, but it is not our province to pass upon the weight of the opinion testimony." In re Iron Clad Manufacturing Co., 2 Cir., 215 F. 877; In re Sovereign Corporation, 7 Cir., 114 F.2d 1013.

The fee to which petitioners were entitled was to cover only services in "preparing and filing the petition and prosecuting it to an adjudication of bankruptcy * * * 'When an adjudication has been obtained, the bankrupt estate passes under the control and juris-

diction of the court and its officers.' " In re Consolidated Factors Corporation, 2 Cir., 59 F.2d 193, 194. The petition prepared and filed by petitioners consisted of formal allegations, stating facts already known to petitioners before entering upon the preparation. One of the petitioners, Mr. Brown, at the time of preparing the petition under Chapter 10 and before, was employed by the B. F. Goodrich Company, a large creditor which has paid him $9,200 for services rendered; he also represented several small creditors and received pay from them. Another of the petitioners, Mr. Johnson, was representing A. C. F. Brill Motors, a creditor, and was compensated for services rendered up to the time he was named as one of the attorneys for the Trustee under the Chapter 10 proceeding. For services to the Trustee, Mr. Johnson was paid a fee of $6,000. The third petitioner, Mr. Moore, represented one creditor but gave no testimony at any of the hearings about his services.

It is probably true that no two judges would have arrived at the same amount as a reasonable fee for preparing and filing the petition, but here we have the honest judgment of an experienced Judge who had been face to face from the outset with all the problems involved—the one best qualified to determine impartially a fee which would do justice to all concerned. This Court would hesitate to hold that the compensation is inadequate and is of the definite opinion that no abuse of discretion has been made to appear.

The petitioners, however, insist that the trial Judge fell into error by the manner in which he reached his conclusion, that is: (1) In holding that some of the services rendered in filing the petition were performed in the sole interests of their clients, and (2) In holding that no extensive study of the bankruptcy law is necessary to perform the task of filing a petition under Chapter 10. In his order fixing the fee at $1,-250, the Judge had this to say: "Claimants received some compensation from their clients, and to the extent that they performed services in the sole interests of their clients, they are not entitled to compensation from the estate. On the other hand, to the extent that they performed services for the estate, above and beyond the individual interests of their clients, they should receive compensation from the estate. This situation is a difficult one, but in the instant case claimants' work may be divided into three categories. First, there were conferences between claimants and their clients in which was discussed the advisability of filing the petition. Claimants' services in this connection were primarily for their clients and not for the estate. Second, there was the drafting and filing of the petition in accordance with applicable statutes and decisions. A normal or routine amount of research was necessary in this connection, but not an extensive study of the laws of bankruptcy in general. While the clients may be expected to bear some of this cost, such services probably should be compensated by the estate. Third, in instances where lawyers are not familiar with the bankruptcy laws or procedures, a study of them may become necessary in order for them to properly represent their clients. Such study may properly be classified as a part of a lawyers' education for which neither their clients nor the estate should have to pay. Their compensation should be reckoned on the basis of the time that would be required by a competent lawyer to perform the service, the extent of the responsibility assumed, and the direct results of the action taken." We agree with these observations as a general statement applicable to the facts of this case, and surely it cannot be successfully argued that there was an "obvious mistake of law." The order of the District Judge should stand.

Accordingly, the order is affirmed.

Affirmed.